TOWN OF RAMAPO, Respondent, v. TALLMAN FARMS, INC., et al., Appellants, et al., Defendants.— Judgment of the Supreme Court, Rockland County, made by a Referee and dated May 3, 1968, modified, on the law and the facts, by striking out of the third and fourth decretal paragraphs the figure " $750,000.00 " each time it appears therein and by substituting therefor the figure " $1,000,000.00." As so modified, judgment affirmed, without costs. In our opinion, the amount of the deposit to be made by plaintiff in a separate account, as directed in the judgment, is inadequate to the extent indicated herein. Christ, Acting P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.

    WHITNEY PARK HOMES, INC., Appellant, v. INCORPORATED VILLAGE OF UPPER BROOKVILLE, Respondent.— In an action to declare unconstitutional defendant's Building Zone Ordinance in its application to plaintiff's property, plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered April 4, 1967, which dismissed the complaint. Judgment modified, on the law and the facts, by striking out the first decretal paragraph, which dismissed the complaint, and substituting therefor a provision declaring that the Building Zone Ordinance of the Incorporated Village of Upper Brookville is not unconstitutional as applied to the subject property as a whole. As so modified, judgment affirmed, without costs. In our opinion, the Building Zone Ordinance is not unconstitutional as applied to the subject property as a whole. Nevertheless, we do not now pass on the constitutionality of the ordinance as related to that portion of the property fronting on Route 106 and extending back to a reasonable depth. The complaint should not have been dismissed merely because plaintiff was not entitled to the declaration sought by it (*Lanza* v. *Wagner*, 11 N Y 2d 317, 334, app. dsmd. 371 U. S. 74). Beldock, P. J., Christ, Brennan, Hopkins and Benjamin, JJ., concur.