Chief Judge Fuld.
The plaintiffs, Catherine and Gene Williams, own property in a Residence D zoning district in the Village of Massapequa, Town of Oyster Bay. Unable to obtain a business use variance, they brought this suit against the town to have article VI of its Building Zone Ordinance, which governs Residence D uses, declared unconstitutional as applied to their property.
The plaintiffs’ land is located on the south side of Merrick Road, extending from Fox Boulevard on the west to Bay view Avenue on the east. The western half, the subject premises, is zoned (as indicated) “ Residence D,” the eastern half “Business F.” Outside of this business area, on which Mr. Williams has erected a number of small taxpayers, all of the property *80 in the vicinity on both sides of Merrick Boad and in the neighboring side streets is zoned for residential use. On the north side of Merrick Boad, a number of the residences contain the offices of professionals — doctors, dentists and lawyers, all uses permitted in a Besidence D district until 1971 — and, in addition, a realty office and a pet clinic. Across the way on the southwest corner of Fox Boulevard and Merrick Boad is a gift shop. In addition to one-family dwellings, other authorized uses in Besidence D zones include two-family dwellings, churches, parks, libraries, museums, colleges, eleemosynary institutions and rooming or boarding houses, some of these requiring approval as a special exception by the town board or the board of appeals (Town of Oyster Bay Building Zone Ordinance, § 317).
On the corner of the plaintiffs’ residential property here involved is a residence formerly used as a realty office and now vacant. A witness testified on behalf of the defendant that Mr. Williams had refused his offer of $36,000 or his wife’s of $38,000 for it for residential use. The rest of the property between this house and the taxpayers is empty. It had formerly held a model home for the residences which Williams had built on the rest of the block south of his Merrick Boad property. He had moved this model house to a side street lot in order to get a better price — of $28,250 as opposed to $24,000 offered prior to its being moved. There was conflicting testimony as to whether or not the subject property could be sold for residential purposes and as to whether the residential character of that part of Merrick Boad had changed.
The court at Special Term decided in the plaintiffs’ favor, • declaring that, “ [w]hile the evidence as to the salability of the e property for residential use is weak the Court is of the opinion that there is a substantial economic loss due to the residential zoning of the property. Under the circumstances the premises should be zoned for business with a proviso that the building thereon be retained and used as a professional building to act as a buffer to the residential properties on Fox Boulevard and to the west on Merrick Boad. ’ ’ However, added the court, since “ [it] must function in a judicial capacity and not as a legislative body * * # [it] holds that the [ordinance challenged] is unconstitutional as applied to the plaintiffs’ property.” The *81 Appellate Division reversed the resulting judgment and declared the ordinance constitutional. “ In our opinion,” wrote that court, ‘ * the evidence was not sufficient to establish that the ordinance served no legitimate purpose and was unconstitutional as applied to the subject property ” (35 A D 2d 982).
A zoning ordinance is confiscatory and unconstitutional only if it prevents a plaintiff from using his property for any purpose for which it is reasonably adapted. The burden of establishing invalidity rests, of course, upon the plaintiff. If the legislative classification is ‘[1] fairly debatable, ’ ’ it must be allowed to control. (Shepard v. Village of Skaneateles, 300 N. Y. 115, 118; see, also, De Leo v. Lecraw, 30 N Y 2d 824; Salamar Bldrs. Corp. v. Tuttle, 29 N Y 2d 221, 226; Gluckman v. Incorporated Vil. of Great Neck, 28 N Y 2d 746; O’Kula v. Meade, 27 N Y 2d 526.) The considerations for determining the constitutionality of a zoning ordinance as applied to a particular owner’s property are much the same as those prescribed for the grant or denial of a variance. (See 2 Rathkopf, Law of Zoning and Planning [3d ed., 1972], p. 45-14; cf. Matter of Jayne Estates v. Raynor, 22 N Y 2d 417, 425.) Since these considerations are dealt with much more fully in the variance cases, we may look to them for guidance here.
The long-established rule for the grant of a use variance requires a showing that “ (1) the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone; (2) that the plight of the owner is due to unique circumstances and not to the general conditions in the neighborhood which may reflect the unreasonableness of the zoning itself; and (3) that the use to be authorized by the variance will not alter the essential character of the locality.” (Matter of Otto v. Steinhilber, 282 N. Y. 71, 76; see, also, Matter of North Shore Steak House v. Thomaston, 30 N Y 2d 238, 243; Matter of Jayne Estates v. Raynor, 22 N Y 2d 417, 424, supra; Matter of Forrest v. Evershed, 7 N Y 2d 256, 261-263; Matter of Crossroads Recreation v. Broz, 4 N Y 2d 39, 43. )[1] In determining the ques *82 tion of a “ reasonable return,” it is not enough for the plaintiff to show that “ he would realize a greater return ” under a less restricted use. (Matter of Crossroads Recreation v. Broz, 4 N Y 2d 39, 46, supra; see, also, Levitt v. Incorporated Vil. of Sands Point, 6 N Y 2d 269, 273.) As the court stated in the Crossroads Recreation case, the “ only pertinent inquiry is whether the present allowed use is yielding a reasonable return. That it may not be the most profitable use is immaterial ” (4 N Y 2d, at p. 46; see, also, Matter of 113 Hillside Ave. Corp. v. Zaino, 27 N Y 2d 258, 263). The plaintiff must, in addition, establish that no reasonable return may be had from any permitted use. “In order to establish a lack of ‘ reasonable return ’,” the court wrote in Matter of Forrest v. Evershed (7 N Y 2d, at p. 262), “ the applicant must demonstrate that the return from the property would not be reasonable for each and every permitted use under the ordinance ”. The court denied the property owners’ right to a variance in part because they “did not even suggest that they had explored the possibility of utilizing the property for * * * [various] permissible ‘ E ’ Residential uses under the ordinance — or establish that the alternative uses were economically impracticable ” (p. 262).
Applying these principles to the case before us, it is manifest that the plaintiffs have not sustained their burden of proving the present zoning ordinance unconstitutional and confiscatory. The evidence is at best conflicting and inconclusive as to (1) whether the property would yield a reasonable return and is reasonably adapted for residential use and (2) whether the various nonconforming uses and the traffic conditions on Merrick Road have so changed the neighborhood that a business use for the plaintiffs’ property would not .significantly alter its character. Moreover, the plaintiffs have made absolutely no attempt to show that the sale of their property for one of the many permitted uses other than for one-family dwellings *83 would nut be both possible and economically practicable. Indeed, even the justice at Special Term felt that any change of zoning to a business use should be accompanied, as noted above, by a “ proviso that the building [now situated on the plaintiffs’ property] be retained and used as a professional building to act as a buffer to the residential properties on Fox Boulevard and to the west on Merrick road. ’ ’ This leads not, as the court found, to the conclusion that the ordinance is unconstitutional but that the plaintiffs’ proper avenue of relief would be an application for a special exception from the town board or the board of appeals.
Far different from the present case are those described in Jayne Estates (22 N Y 2d 417, 425, n., supra), where the subject property was “ in the middle of an area being used for commercial purposes, and there [was] almost no probability that these nonconforming uses will soon disappear. (Udell v. Haas, 21 N Y 2d 463; Stevens v. Town of Huntington, 20 N Y 2d 352; Mary Chess, Inc. v. City of Glen Cove, 18 N Y 2d 205.) ” Here, the plaintiffs are almost entirely surrounded by residential property in which, unlike Jayne Estates, there is real “ danger of piecemeal destruction of the existing zoning scheme ” (22 N Y 2d, at p. 425).
It may be that the traffic on Merrick Road, combined with the presence of the taxpayers and the nonconforming uses on the north side, will ultimately alter the character of the neighborhood sufficiently to entitle the plaintiffs to greater relief than the suggested special exception or variance. As it is, the plaintiffs have far from exhausted the possibilities of a profitable use for their property which would not contribute to the inroads made by the taxpayers upon the essentially residential character of the surrounding community.
In sum, there is no basis, on the record before us, for holding the zoning ordinance, as applied to the plaintiffs’ property, confiscatory and unconstitutional.
The order appealed from should be affirmed, with costs.
Judges Burke, Breitel, Jasen, G-abrielli, Jones and Wachtler concur.
Order affirmed.

. We need not concern ourselves with the question of “ unique circumstances ” particularly where a claim of unconstitutionality is involved. Judge Keating’s observation in the Jayne Estates case (22 N Y 2d 417, supra), though it dealt with a question of variance, is pertinent here: “ In any case, as a general rule, where the landowner has made the requisite showing of financial hardship and *82 compatibility of bis proposed use with the existing land use pattern, it would seem preferable to grant the variance. To deny the variance solely on the ground that ‘ unique circumstances ’ had not been shown leaves open the prospect of a successful assault on the zoning ordinance as being confiscatory ” (p. 425). This indicates that only “ financial hardship ” — i.e., absence of a “ reasonable return ” —■ and “ compatibility * * * with the existing land pattern ” are standards for determining constitutionality as well as the right to a variance.