In the Matter of DAUERNHEIM, INC., Appellant, *v.* TOWN BOARD OF THE TOWN OF HEMPSTEAD et al., Respondents.

Second Department, July 9, 1973.

*Carlino, Pearsall & Soviero, P. C.* (*Joseph F. Carlino* of counsel), for appellant.

*George C. Pratt* (*Samuel S. Tripp* of counsel), for respondents.

GULOTTA, J. The plaintiff is the owner of a 17-acre tract surrounding the northeast corner of Wantagh and Jerusalem Avenues, North Wantagh, in Nassau County, New York, two of the most heavily traveled thoroughfares in the area (some 29,400 automobiles a day on Wantagh Avenue and about 14,500 going easterly and 15,950 westerly on Jerusalem Avenue). The corner itself, roughly 160 feet square, is zoned for business and occupied by a gasoline service station. The plaintiff's parcel borders the gasoline station on its interior sides and extends 419 feet along Wantagh Avenue to the north of the station and 272 feet along Jerusalem Avenue in an easterly direction, forming the parcel's southerly line. In short, it is a rectangle with the southwest corner missing. The plaintiff conducts a nursery business on the easterly 13 acres and has done so continuously since before the present zoning ordinance was adopted in 1930. The parcel is zoned residential " A ", which, in addition to one-family residences, permits the plaintiff's nursery and greenhouse use. The contiguous parcel to the north of it with a frontage of 190 feet on Wantagh Avenue is zoned for business to a depth of 300 feet, which leaves the proposed 4.27-

acre plot with streets or business zoning on three sides and with one side, the easterly border, abutting the plaintiff's remaining 13 acres, where it carries on an active wholesale nursery business with its attendant trucking and business traffic.

The plaintiff applied to the defendant Town Board of the Town of Hempstead for a rezoning of that vacant westerly 4.27 acres surrounding the service station to a business use, so that they may be developed as a shopping center. The board denied the application. The plaintiff then instituted this action for a judgment declaring the zoning ordinance unconstitutional insofar as the 4.27-acre parcel is concerned. From an adverse determination, an appeal has been taken to this court.

On the westerly side of Wantagh Avenue, across the street from the parcel in issue, there are a gasoline station on the north-west corner of Jersualem Avenue and Wantagh Avenue, a large shopping center surrounding that and a second smaller shopping center to the north, with still additional business uses to the north of that. The southwest corner and several thousand feet along Wantagh Avenue to the south of it are devoted to business, as is the southeast corner, which is occupied by a bank, the United States Post Office and more stores.

The question involved is the constitutionality of this residential " A " zoning as it affects the subject parcel. To put it in another way, the question is the reasonableness of requiring that this island, or rather peninsula, of residential use continue in the midst of this business complex. Although there was some conflict as to details, the substance of the proof established that this parcel could be divided into 23 building plots of at least 6,000 square feet each, to conform to the present zoning; that about half the plots would abut the gasoline station, other business property or the intersecting avenues; that each plot would have a value of about $17,000, for a total of $391,000; that, as business property, its value is $4 per square foot, for a total of $744,000, representing a difference in value of $353,000; and that business would be its highest and best use.

The plaintiff's proof tended to show that the houses built on such plots would have to sell in the $55,000 to $60,000 range to ensure a reasonable profit and that they would be unsaleable at that price. The defendants' proof, which the trial court accepted, was to the effect that the houses would have to sell for $52,000, but that they would sell at that figure in spite of the gasoline station, lower selling prices for other houses in the area, the busy roads, etc.

I find it difficult to give credence to such testimony, but even accepting it at face value, on the basis of this record it seems to me that as a matter of law we must conclude that the denial of a zone change was arbitrary and capricious. There was absolutely no attempt made by the defendants to show that continuation of the residential zoning in this commercial area was required in the interest of public health, safety and welfare, or that indeed it had any relationship whatever to such considerations.

I agree that the proof here would not support a finding that the zoning is actually confiscatory, such as was found in *Summers* v. *City of Glen Cove* (17 N Y 2d 307) and *Vernon Park Realty* v. *City of Mount Vernon* (307 N. Y. 493), although it comes quite close to satisfying the test set forth in *Stevens* v. *Town of Huntington* (20 N Y 2d 352). The following quotation from that case is particularly apt here (p. 356): " Situated as the property is, adjacent to a large shopping area, it can hardly be said that the land is reasonably adapted to residential use. This does not mean, of course, that it is impossible to use the property as a residence. It has, in fact, been so used since 1950. But, in the intervening years, the character of the surrounding area has changed so radically that it is unreasonable to demand that the property be continued for use as a residence only. The burdens of traffic on Route 110, the noise, and the stores in the area, all contribute to making the property unsuitable for residential use — a fact amply established by the evidence."

However, these cases were decided before *Matter of Fulling* v. *Palumbo* (21 N Y 2d 30) and if its principles are applicable to the present case, in view of the indisputable significant economic damage of over $350,000 the plaintiff has suffered, the burden shifted to the defendants to justify the denial of a zoning change as necessary to the preservation of public health, safety and welfare.

In *Matter of Emmenegger* v. *Board of Appeals of Inc. Vil. of Garden City* (33 A D 2d 393) we in the Second Department specifically reserved, for future consideration, the application of the *Fulling* principle to a " use " variance.

However, the Third Department in *Socha* v. *Smith* (33 A D 2d 835, affd. 26 N Y 2d 1005 [single-family residences versus multiple dwellings]) and the Fourth Department in *Matter of Humble Oil & Refining Co.* v. *Dekdebrun* (38 A D 2d 46 [residential use versus commercial use]) have applied the *Fulling* doctrine to applications for zoning changes, thus laying to rest the fallacious notion that *Fulling* may apply to *use variances* as

distinct from *area variances,* but that it does not apply to *zoning changes.* The reasons for applying *Fulling* are equally compelling whether the question comes up one way or the other.

The principle of zoning can be justified only on the basis of the application of a rational, comprehensive plan to land use and this is equally true whether or not the municipality concerned has formally adopted a formal plan (*Udell* v. *Haas,* 21 N Y 2d 463). These policies may be garnered by the court from any available source, including of course the way in which the area has been allowed to develop. Viewed in this light, the defendants' determination is incomprehensible. Spot zoning is equally invidious whether it is done to favor a particular owner, as is the usual case, or whether it is done as a disservice to him, as in this case. It is true that an owner has no vested right to the highest and most profitable use of his property, but it is an element to be considered in deciding whether a restriction is proper and reasonable or arbitrary and unreasonable (*Ulmer Park Realty Co.* v. *City of New York,* 270 App. Div. 1044, affd. 297 N. Y. 788).

We do not have here the unseemly haste to change an ordinance to an owner's disadvantage, such as the court dealt with in *Udell* v. *Haas* (*supra*), but the effect on the property owner is the same where the change is gradually wrought in the surroundings over the years and relief is denied. An owner's right to relief is nonetheless authentic even though the need for it developed slowly (*Stevens* v. *Town of Huntington,* 20 N Y 2d 352, *supra*).

The judgment should be reversed, on the law and the facts, with costs, and a declaration made that the existing zoning is unconstitutional as it affects the subject parcel, with this caveat to the Town Board — that, in rezoning this property, it is not to assume that we have concluded that the plaintiff's plan is the only one which would be constitutionally acceptable.

MARTUSCELLO, Acting P. J., CHRIST, BRENNAN and BENJAMIN, JJ., concur.

Judgment reversed, on the law and the facts, with costs, and judgment shall be entered in favor of plaintiff declaring that the existing zoning is unconstitutional as it affects plaintiff's parcel of land, but with the caveat to the defendant Town Board that, in rezoning said parcel, it is not to assume that this court has concluded that plaintiff's plan is the only one which could be constitutionally acceptable.