■ LOURDES TALVY, Respondent, v EDWARD TALVY, Appellant.—The attorneys for the respective parties on this appeal from an order of the Supreme Court, Nassau County, dated January 16, 1976, have agreed, after a conference held before Hon. Harry Gittleson on February 24, 1976, that the appeal be withdrawn, and they thereupon signed a stipulation to such effect, which stipulation contains certain other provisions. In accordance with the foregoing, the appeal is deemed withdrawn, without costs or disbursements; the action is ordered on for trial on March 16, 1976. Gulotta, P. J., Hopkins, Martuscello, Latham and Cohalan, JJ., concur.

■ AFFILIATED HOMES, INC., Appellant, v TOWN OF ISLIP et al., Respondents.—In an action *inter alia* to declare unconstitutional the rezoning of plaintiff's property by the defendant Town of Islip from an Industrial I classification to a Residence AA classification, plaintiff appeals from a judgment of the Supreme Court, Suffolk County, entered February 7, 1975, which, after a nonjury trial, (1) declared that the said rezoning "does not constitute an unconstitutional taking of the plaintiff's property" and (2) dismissed the complaint in all other respects. Judgment affirmed, with costs. The record discloses that plaintiff formally submitted only one site plan for an industrial building, and that said plan was rejected, in part, because of legitimate planning considerations with respect to a proposed road. In view of the town's valid basis for disapproval of plaintiff's plan, and plaintiff's failure to make any further attempt to secure approval of an industrial building, it cannot be said that the town willfully withheld and refused approval so as to deny the plaintiff an opportunity to develop its land prior to the rezoning (cf. *Matter of Dubow v Ross,* 254 App Div 706). Therefore, there is no merit to plaintiff's contention that it has a vested right to have the subject property zoned for industrial purposes. Nor is there any merit to plaintiff's contentions that the rezoning was discriminatory and not in accordance with a comprehensive plan. Adjoining and nearby parcels, larger in area than plaintiff's parcel, were also rezoned. Furthermore, it appears that the rezoning was consistent with a policy of both Suffolk County and the town to preserve certain areas near the headwaters of the Connetquot River as wild and park lands. Plaintiff's evidence was insufficient to establish that the rezoning of its land was confiscatory (see *Williams v Town of Oyster Bay,* 32 NY2d 78, 81–82; *Matter of Crossroads Recreation v Broz,* 4 NY2d 39, 44). Hopkins, Acting P. J., Margett, Rabin, Shapiro and Hawkins, JJ., concur.