Jasen, J.
Appellant challenges the constitutionality of the current zoning classification for 4.7 acres of unimproved land* in the Town of Islip which he has owned, either directly or through wholly owned corporations, for over 20 years. When originally purchased, the property was zoned "Residential A”, a classification primarily structured for single-family residential development. In May, 1971, the property was rezoned, at appellant’s request, "Industrial I” to permit commercial development. A declaration of covenants and restrictions, which was filed by appellant in support of the zoning change, required appellant to maintain a six-foot high fence between his parcel and those of adjoining property owners, and to deed a strip of land to the county to accommodate potential widening of the adjacent street. Despite the change in the zoning, appellant never improved his property for industrial usage. In January, 1974, the town board, acting in response to community requests, reinstated the prior "Residential A” zoning classification. Appellant commenced an action for a judgment declaring the 1974 rezoning unconstitutional and for an injunction against its enforcement. After a trial, Special Term granted the relief requested. On appeal, the Appellate Division reversed and directed the entry of a judgment declaring the rezoning constitutional. (51 AD2d 972.) We would affirm the order of the Appellate Division.
The property involved is on the north side of Suffolk Avenue, situated between areas of industrial and residential development. Directly to the north of the parcel, the land is zoned and developed for single-family residences. The property to both the immediate east and west of appellant’s parcel is *436 also zoned residential, but it has not, as yet, been developed. A railroad right of way is located to the south of Suffolk Avenue and runs parallel to the street. The land in the gap between the railroad and the street is, for the most part, developed for industrial and commercial uses. For example, an automobile junk yard is immediately opposite appellant’s property. However, this use is sanctioned by permit and the local zoning authorities have evidenced an intention to terminate the use by refusing to renew the necessary permit. Some industrial and commercial development has also been permitted to the north of Suffolk Avenue, yet neighboring northern property is residential in character.
Zoning classifications, like other legislative programs, are clothed with a presumption of constitutional legitimacy. (Dauernheim, Inc., v Town Bd. of Town of Hempstead, 33 NY2d 468, 473.) Consequently, the party challenging a particular classification bears a heavy burden of proof. As we observed in Dauernheim, Inc. v Town Bd. of Town of Hempstead (supra, at pp 473-474), "[w]hen a [zoning] regulation is attacked as confiscatory and unconstitutional, it must be shown that by no permissible interpretation can the regulation as written, or in this instance applied, be justified as a reasonable exercise of the police power.” The property owner must show more than that the current zoning classification has caused a significant diminution in value, or that a substantially higher value could be obtained if an alternative use is permitted. Rather, the proper test is whether the owner can presently receive a reasonable return on his property. To succeed with a constitutional challenge, the owner must "establish that no reasonable return may be had from any permitted use.” (Williams v Town of Oyster Bay, 32 NY2d 78, 82; accord Matter of Forrest v Evershed, 7 NY2d 256, 262.) It should be noted, however, that the owner need not demonstrate that his property would be unsuitable for public or quasi-public uses. (See Matter of Grimpel Assoc. v Cohalan, 41 NY2d 431, 433.) The same standard applies whether it is a use or an area restriction that is constitutionally challenged. Unless the challenger demonstrates "beyond a reasonable doubt that the property will not yield a reasonable return under any of the uses permitted by the zoning ordinance”, he fails to satisfy his burden of proof. (Matter of National Merritt v Weist, 41 NY2d 438, 445.)
We agree with the Appellate Division that this appellant failed to prove that the application of the ordinance to his *437 premises is arbitrary and unreasonable. The testimony indicated that, despite its location, the land has economic value as a site for residential development. Gerard Snover, the appellant’s appraiser, stated that the market would provide a buyer even if the property could only be developed for residential use. While contending that the rezoning would lead to a 79% decline from its industrial zoning value, he conceded that the parcel was presently marketable at a per acre price of $7,500. An even higher value was predicated by the town’s expert witness.
From the surrounding circumstances, the zoning authority could reasonably decide to restrict the property to residential use. In fact, the rezoning reflected the reasonable goal of establishing an adequate separation between the areas of residential and industrial use. Since the land on three sides of appellant’s property was zoned residential, industrial zoning for his land could well be viewed as disruptive of the pattern of development. The record indicates that the master plan for the community was designed to limit the area north of Suffolk Avenue to residential development. The proposed widening of Suffolk Avenue would provide an even broader buffer between industrial and residential uses, with appellant’s land lying on the residential side. Moreover, the goal of the town is to limit, if not eventually remove, many of the industrial uses from both sides of Suffolk Avenue and thereby make the area even more amenable to residential development. Thus, the rezoning of appellant’s property to a "Residential A” classification was a reasonable step in the town’s over-all zoning program. The fact that the town had previously accepted industrial zoning for the property does not estop it from reverting to its earlier designation. Absent constitutional or legislative infirmity, a municipality may experiment with new zoning classifications and, if the experiment proves unsatisfactory, may make appropriate alterations. Indeed, the reinstitution of the prior zoning did not inflict any unjust economic loss upon appellant. Rather, the diminution in property value reflects the economic windfall that appellant received when the property was first approved for industrial development.
In any case, the record indicates that residential zoning would permit appellant to make reasonable use of his property and to receive a reasonable return. As in Williams v Town of Oyster Bay (32 NY2d 78, supra), "it is not enough for the plaintiff to show that 'he would realize a greater return’ *438 under a less restricted use.” (32 NY2d, at p 82, quoting Matter of Crossroads Recreation v Broz, 4 NY2d 39, 46.) Appellant failed to prove beyond a reasonable doubt that the current zoning classification offers absolutely no reasonable use for his property and, hence, his constitutional challenge must fail. No doubt appellant has sustained some financial loss, but he had not been deprived of any use of the property to which it is reasonably adapted, the sort of hardship necessary to establish constitutional infirmity. (E.g., Salamar Bldrs. Corp. v Tuttle, 29 NY2d 221, 228.)
Finally, both courts below properly rejected appellant’s contention that he possessed a vested right to the continuation of an industrial zoning classification. The simple application of a zoning classification to property does not create a right to forever be similarly so classified. "Changed or changing conditions call for changed plans, and persons who own property in a particular zone or use district enjoy no eternally vested right to that classification if the public interest demands otherwise.” (Rodgers v Village of Tarrytown, 302 NY 115, 121.) Absent a showing of arbitrariness, the determination of public interest is properly a matter for local zoning officials. Nor does a vested right flow from the filing of a declaration of covenants and restrictions. Appellant has not performed any of the duties imposed by the declaration and, in fact, the town has authorized its attorney to take the necessary steps to obtain rescission of the covenants and restrictions. Significantly, appellant has not made any improvements in purported reliance on the prior industrial zoning. In short, appellant has failed to demonstrate entitlement to a declaration of unconstitutionality.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed, with costs.

 At one time there was a residence on the property but appellant had it demolished when the lessee moved out and a new tenant could not be found.