■ SONYA LE BEAUX, Respondent, v SUPERMARKETS GENERAL CORP., Sued Herein as PATHMARK SUPERMARKETS, INC. Appellant.—In a negligence action to recover damages for personal injuries, defendant appeals from a judgment of the Supreme Court, Kings County, entered October 14, 1976, which is in favor of plaintiff-respondent, upon a jury verdict. Judgment reversed, on the law, and new trial granted with respect to the issue of damages only, with costs to abide the event, unless, within 20 days after entry of the order to be made hereon, plaintiff shall serve and file in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict from $480,000 to $350,000, in which event the judgment, as so reduced and amended, is affirmed, without costs or disbursements. The amount of the verdict was not warranted on this record and is excessive to the extent indicated herein. We have considered appellant's other arguments and find them to be without merit. Cohalan, Acting P. J., Hawkins, Mollen and O'Connor, JJ., concur.

■ MEGIN REALTY CORP., Respondent, v MORTON BARON et al., Constituting the Town Board of the Town of Ramapo, et al., Appellants.—In an action, *inter alia,* to declare the Comprehensive Zoning Ordinance of the Town of Ramapo unconstitutional, as applied to the plaintiff, the defendants appeal from a judgment of the Supreme Court, Rockland County, dated January 14, 1976, which, after a nonjury trial, declared that the ordinance, as applied to the plaintiff, is illegal and void, enjoined its enforcement and reclassified the plaintiff's property. Judgment reversed, on the law, without costs or disbursements, it is declared that plaintiff failed to establish the unconstitutionality of the zoning ordinance as applied to it, and complaint otherwise dismissed. The plaintiff's property is located on the north side of New York Route 59 in the Tallman region of the Town of Ramapo. It consists of two adjoining irregular parcels of approximately 12.675 acres. The property has a frontage of approximately 965 feet on Route 59, a commercial highway extending northward toward the New York State Thruway, and a depth of approximately 500 feet. At the date of purchase the property was zoned as a planned industrial district. The adjacent parcel to the east (known as the Caldor Shopping Center) is zoned as a commercial highway district. Prior to 1972, it, like the subject parcel, had been zoned as a planned industrial district. In 1972 the Town Board of the Town of Ramapo granted its owners a change of zone. The adjacent parcel to the west is designated as commercial highway and commercial neighborhood districts and, *inter alia,* contains a shopping center. The property to the north and northwest is zoned as planned industrial. That property, together with the subject parcel, is known as the Thruway industrial corridor and consists of approximately 972 acres of land. In 1974 the plaintiff, together with the Tallman Industrial Park, its immediate northwest neighbor, were denied a zone change from planned industrial to commercial highway. The plaintiff has not established that its present zone designation is either confiscatory or discriminatory. There is no indication that the plaintiff's land cannot yield a reasonable return if used for any permitted purpose (see *Williams v Town of Oyster Bay,* 32 NY2d 78). Although the property to the east and west of the subject parcel is commercially zoned, there remains a substantial tract of land to the north and northwest which is zoned as planned industrial. Cohalan, Acting P. J., Hawkins, Suozzi and Mollen, JJ., concur.