OPINION OF THE COURT
Memorandum.
. The order of the Appellate Division should be affirmed, with costs.
In August of 1972 the plaintiff, Megin Realty Corporation, purchased two adjoining irregularly shaped parcels of property with a combined area of 12.675 acres. At that time the plaintiff was aware that the land was zoned "planned industrial” but nevertheless made the purchase for speculation. Permitted uses include office buildings, laboratories, catering facilities, warehouses, wholesaling and distribution businesses, and, by special permit, hotels, motels, tennis courts, swim clubs, health spas, and motor vehicle sales and service agencies.
Prior to 1972 the adjacent parcel of land to the east was also zoned planned industrial, but in May of that year a request that the zoning classification be changed to "commercial highway” was granted. Subsequently a new shopping center has been built on the rezoned parcel. Sometime later, the plaintiff, together with its immediate northwest neighbor, similarly sought to have its zoning changed to commercial highway, but the application was denied because, inter alia, the Town of Ramapo Planning Board determined that com *893 mercial development should be focused at major intersections rather than being extended along the roadways. Plaintiff thereupon commenced this action for a determination that the zoning classification is unlawful as applied to it, and also sought a zone change to commercial highway.
After a trial Supreme Court, Rockland County, found that the parcels were not capable of yielding a reasonable return under the existing zoning, and declared the ordinance illegal as applied. The Appellate Division reversed, since the plaintiff had not established that the designation was either confiscatory or discriminatory. We now affirm that determination.
It is black-letter law that in order to establish confiscatory zoning the challenger must prove that the land will yield no reasonable return if used for any permitted purpose (Marcus Assoc. v Town of Huntington, 45 NY2d 501; McGowan v Cohalan, 41 NY2d 434; Williams v Town of Oyster Bay, 32 NY2d 78). This requires that " 'the applicant * * * demonstrate that the return from the property would not be reasonable for each and every permitted use under the ordinance’ ” (Williams v Town of Oyster Bay, supra, at p 82; Matter of Forrest v Evershed, 7 NY2d 256, 262). This the plaintiff manifestly has not done. Indeed, its witnesses conceded at trial that the land was suitable for several of the permitted uses. The Appellate Division was correct in determining that the ordinance was not confiscatory.
Also correct is the conclusion that Megin Realty Corporation’s allegation of "discrimination” was not sufficiently established to declare the zoning illegal. Plaintiff sought, by merely showing that its neighbor’s request for a zoning change was granted, to challenge its own zoning on the ground that its request to change was denied. Mere proof that a single other parcel has had its zoning status altered does not give the owners of neighboring parcels a vested right to a similar change. If this were the case, any deviation from the master plan would incur the risk of wholesale attacks on the plan itself in the name of "discrimination”, creating an illegal "domino” effect. The resulting inflexibility would be contrary to the best interests of those served by a zoning plan. There being no showing that plaintiff’s property was singled out in the zoning district for different zoning limitations (cf. Udell v Haas, 21 NY2d 463, esp pp 476-478), the challenge must fail.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur in memorandum.
*894 Order affirmed.