TILLES INVESTMENT COMPANY, Respondent-Appellant, v TOWN OF HUNTINGTON, Appellant-Respondent.

Second Department, May 16, 1988

**APPEARANCES OF COUNSEL**

*Herbert A. Smith, Jr., Town Attorney,* for appellant-respondent.

*Goldstein & Rubinton, P. C. (Arthur Goldstein* of counsel), for respondent-appellant.

**OPINION OF THE COURT**

BRACKEN, J.

■■ On this appeal, the plaintiff landowner claims that the application of a local zoning ordinance to its land is unconstitutional. This claim is premised not so much upon an assertion that the restriction on land use contained in the ordinance constitutes a "taking" of its property in violation of the

Just Compensation Clause of the Fifth Amendment (US Const 5th Amend), as upon the argument that since the ordinance bears no rational relation to the achievement of some rightful governmental objective, it represents an invalid exercise of the town's authority to regulate land use in the interest of the public welfare (see, Town Law § 261). We find that the plaintiff has failed to meet its heavy burden of proving that the zoning classification of its property is unconstitutional and we therefore modify the judgment appealed from so as to declare the Zoning Code of Huntington constitutional as applied to the plaintiff's property.

## I

The plaintiff is the owner of approximately 52 acres of land situated to the south of the eastbound service road of the Long Island Expressway and to the west of Walt Whitman Road, in Melville, New York. This land is currently zoned R-40 residential. Pursuant to this zoning classification, the plaintiff's property may be developed with single-family homes built on lots no less than one acre in size.

There is more vacant land, also zoned as R-40 residential, immediately to the west of the plaintiff's property. To the south of the plaintiff's land, there is a vacant field. Further to the south and on the west side of Walt Whitman Road, there is a small development of homes on small lots, adjoining Pine Ridge Street and Drexel Avenue. Still further south, a residential condominium is under development in an area originally zoned R-40 but which, in a prior unrelated action, was ordered rezoned by the Supreme Court, Suffolk County. To the northwest, across the Long Island Expressway, there is another R-40 district, which has been developed with a residential community. Thus, the subject property is abutted on three sides by primarily residential districts. It is mainly to the east, across Walt Whitman Road, and to the northeast that the character of the area has become distinctly commercial or industrial.

The Supreme Court, Suffolk County, found after a trial, at which the town produced no witnesses, that "it was not practicable, on any basis, to develop the property on one acre residential lots because of the industrial and commercial uses in the surrounding areas and upon every approach to the property; the flat topography; the lack of trees; its frontage on Walt Whitman Road, its location cheek to jowl to the Express-

way and its service roads; the noise levels generated by the traffic and the present uses of the surrounding properties at all hours of the day and night". The court also concluded that "the character of the surrounding area has changed so radically that it is unreasonable for the Town to demand that the [plaintiff's] property be kept in its R-40 zoning". The court, based on these findings, among others, held that the R-40 zoning of the plaintiff's land is unconstitutional.

We might well agree with the trial court's characterization of the zoning of the plaintiff's land as "unreasonable", in the sense that a less restrictive zoning might render the land more profitable to its owner without having an unduly adverse impact on the character of the surrounding neighborhood. The town, by enforcing the R-40 zoning classification applicable to the plaintiff's property, may not be pursuing the most "reasonable" course open to it. However, the enforcement of that zoning classification is not, for that reason alone, unconstitutional. Neither the State nor the Federal Constitution requires that the courts oversee land-use regulation by local governments with reference to some nebulous standard of "reasonability".

## II

The Fifth Amendment of the US Constitution provides, in part, that "private property [shall not] be taken for public use, without just compensation" (US Const 5th Amend). This amendment requires the State or Federal Government to provide fair compensation whenever private property is "taken". It applies, most obviously, to cases where the government deprives a private owner of his title to the property in question. The Just Compensation Clause also applies when the government appropriates by physical possession all or a part of an owner's property, even when the physical occupation is of a minimal nature (see, Loretto v Teleprompter Manhattan CATV Corp., 458 US 419, revg 53 NY2d 124), and also when the government appropriates some legal interest in the property short of the fee simple such as, for example, an easement (Nollan v California Coastal Commn., 483 US —, —, 107 S Ct 3141, 3145). It has also become established doctrine that the government's mere regulation of land use, if it renders the property incapable of yielding a reasonable economic return, may constitute a taking (see, e.g., First English Evangelical Lutheran Church v County of Los Angeles, 482 US —, 107 S Ct 2378).

"The general rule at least is, that while property may be regulated to a certain extent, if regulation goes too far it will be recognized as a taking" *(Pennsylvania Coal Co. v Mahon,* 260 US 393, 415). A law which restricts a property owner's right to use his land as he sees fit, or which adversely affects the value of the land, will not be considered as having gone "too far", however, unless it prohibits virtually all economically viable uses of the land. "[A] regulatory program that adversely affects property values does not constitute a taking unless it destroys a major portion of the property's value" *(First English Evangelical Lutheran Church v County of Los Angeles, supra,* 482 US, at —, 107 S Ct, at 2393 [Stevens, J., dissenting], citing *Keystone Bituminous Coal Assn. v DeBenedictis,* 480 US —, 107 S Ct 1232; *Hodel v Virginia Surface Min. & Reclamation Assn.,* 452 US 264, 296; *Agins v Tiburon,* 447 US 255, 260; *see, also, Penn Cent. Transp. Co. v New York City,* 438 US 104, 138, n 36, *affg* 42 NY2d 324, *reh denied* 439 US 883).

Thus, in order to prove that an unconstitutional taking has occurred, a landowner must prove that the land cannot yield an economically reasonable return as zoned *(de St. Aubin v Flacke,* 68 NY2d 66, 76-77; *Spears v Berle,* 48 NY2d 254, 263; *Marcus Assocs. v Town of Huntington,* 45 NY2d 501, 506; *Williams v Town of Oyster Bay,* 32 NY2d 78). Mere conclusory testimony to the effect that the land cannot yield a reasonable return as zoned is insufficient *(see, e.g., Matter of Village Bd. v Jarrold,* 53 NY2d 254, 259; *Matter of Forrest v Evershed,* 7 NY2d 256, 261-262; *Matter of Clark v Board of Zoning Appeals,* 301 NY 86, 90, *mot to rearg or amend remittitur denied* 301 NY 681, *cert denied* 340 US 933). It is not enough to prove that the land would be more valuable under a less restrictive classification *(see, McGowan v Cohalan,* 41 NY2d 434, 436; *Williams v Town of Oyster Bay,* 32 NY2d 78, 82; *Curtiss-Wright Corp. v Town of E. Hampton,* 82 AD2d 551, 553-554). In order to make the necessary showing, a landowner must offer proof of the market value of the property at the time of acquisition, and proof of the current value of the property as presently zoned *(Matter of Village Bd. v Jarrold, supra,* at 258; *Northern Westchester Professional Park Assocs. v Town of Bedford,* 92 AD2d 267, 272, *affd* 60 NY2d 492; *Curtiss-Wright Corp. v Town of E. Hampton, supra; H.J.E. Real Estate v Town of Hempstead,* 55 AD2d 927).

In this instance, sufficient proof has not been adduced to establish an unconstitutional taking in accordance with this

standard. The plaintiff has failed to furnish evidence as to the fair market value of the property in question at the time of its acquisition, which is not necessarily the same as the amount of plaintiff's investment in the land *(see, Northern Westchester Professional Park Assocs. v Town of Bedford, supra,* at 272-273). The plaintiff also has failed to demonstrate the current value of the property. It is therefore clear that the plaintiff has no viable claim pursuant to the Just Compensation Clause of the Fifth Amendment.

## III

■ Therefore, if it is to prevail in this action, even in the absence of any showing of an unconstitutional confiscation, the plaintiff must prove, beyond a reasonable doubt, that the zoning of its property has no reasonable relation to the achievement of a valid civic objective. Although the expert testimony offered by the plaintiff was unrebutted, this does not entitle the plaintiff to judgment as a matter of law *(de St. Aubin v Flacke, supra,* at 76; *Northern Westchester Professional Park Assocs. v Town of Bedford, supra,* 60 NY2d, at 500-501). This court may accept or reject this testimony in whole or in part. Considering such testimony together with all the evidence adduced at trial, including the maps received in evidence, we conclude that the plaintiff failed to meet its heavy burden of proving that the R-40 zoning of its land does not constitute a valid exercise of the town's police power.

The presumption of constitutionality applies as well to municipal ordinances as to State statutes *(Lighthouse Shores v Town of Islip,* 41 NY2d 7, 11). The validity of a particular ordinance is judged not with reference to a generalized standard of reasonability, but instead with respect to the specific test of whether any conceivable rational basis exists which would justify the challenged ordinance *(Lighthouse Shores v Town of Islip, supra,* at 11-12). "If any state of facts, known or to be assumed, justify [sic] the law, the court's power of inquiry ends *(United States* v. *Carolene Products Co.,* 304 U.S. 144, 154). Questions as to wisdom, need or appropriateness are for the Legislature *(Olsen* v. *Nebraska,* 313 U.S. 236, 246)" *(Defiance Milk Prods. Co. v Du Mond,* 309 NY 537, 541).

■ We conclude, pursuant to this standard, that the zoning classification in question indubitably constituted a valid exercise of police power when enacted. We further find that although certain areas in close proximity to the subject prop-

erty, in recent years, have been allowed to be developed for industrial purposes so that the wisdom of the challenged R-40 zoning has been rendered a matter of debate, this trend to industrialization is neither so pronounced nor so pervasive as to render the challenged ordinance arbitrary or irrational as a matter of constitutional law.

The Court of Appeals has, on several occasions, rejected challenges directed at restrictive residential zoning ordinances where the owner claimed that the surrounding area had become commercial or industrial. For example, in *Dauernheim, Inc. v Town Bd.* (33 NY2d 468, *revg* 42 AD2d 251), the plaintiff's property was located at the intersection of Jerusalem Avenue and Wantagh Avenue, in the vicinity of business uses. In *Williams v Town of Oyster Bay (supra)*, the plaintiff's property was located on Merrick Road, and was also near business or commercial properties. In *De Leo v Lecraw* (30 NY2d 824) the plaintiff's residentially zoned property was located at the intersection of the Long Island Expressway and Glen Cove Road. In *Whitney Park Homes v Incorporated Vil. of Upper Brookville* (26 NY2d 1006, *affg* 30 AD2d 880), the plaintiff's property adjoined Route 106.

In all of these cases, the residential zoning was upheld as valid, even though the owner's property was bordered on 1, 2 or even 3 sides *(e.g., Whitney Park Homes v Incorporated Vil. of Upper Brookville, supra)* by commercial, business or industrial uses, as well as by major highways. These cases are to be contrasted with those in which a residentially zoned property is "virtually surrounded" by industrial buildings *(see, Mary Chess, Inc. v City of Glen Cove,* 18 NY2d 205, 211) or "immersed" in a commercial area *(see, e.g., Stevens v Town of Huntington,* 20 NY2d 352, 355, *rearg denied* 20 NY2d 806). The property of the plaintiff in the present case is not a residential " 'island' " *(Matter of Grimpel Assocs. v Cohalan,* 41 NY2d 431, 432) surrounded by business uses. Instead, the subject property is at the northeast corner of a larger R-40 zone that, in general, extends to the west and south.

There is no question but that the plaintiff's property was originally zoned in accordance with a valid comprehensive plan. The plaintiff claims, however, that the town must continuously revise its over-all land-use plan and reassess the zoning of one area based on developments which have taken place in an adjoining area. Thus, the plaintiff argues in essence that because the property located across Walt Whitman Road has been allowed to develop along light industrial

or general business lines, property such as the plaintiff's, on the western side of Walt Whitman Road should also be allowed to develop in this way. This argument, if accepted, would lead to the " 'domino' " effect in the commercialization of residential areas which was of concern to the Court of Appeals in *Megin Realty Corp. v Baron* (46 NY2d 891, 893, *affg* 57 AD2d 608).

Zoning lines are necessarily drawn with some degree of arbitrariness *(Dodge Mill Land Corp. v Town of Amherst,* 61 AD2d 216, 220), and at some point the encroachment of business or commercial uses into residential districts must be halted. We recognize that "sound planning inherently calls for recognition of the dynamics of change" *(Matter of Town of Bedford v Village of Mount Kisco,* 33 NY2d 178, 188, *rearg denied* 34 NY2d 668) so that local authorities may, from time to time, alter the dimensions of their comprehensive plans *(see, Matter of Town of Bedford v Village of Mount Kisco, supra; Kravetz v Plenge,* 84 AD2d 422, 429-430). Thus, the town in the present case would be free to rezone the subject property from R-40 to another zoning classification more consistent with current conditions. However, such a change in zoning is not constitutionally required merely because certain land-use experts may be of the opinion that the town's current zoning scheme is less than optimal in effect.

We determine that the zoning classification at issue has a rational basis and promotes the public interest since it tends to encourage low-density housing development, a form of land use clearly beneficial to the surrounding community. The courts have long recognized as legitimate the governmental objective of protecting community residents from "the ill effects of urbanization" *(Agins v Tiburon, supra,* 447 US, at 261; *see also, Penn Cent. Transp. Co. v New York City, supra,* 438 US, at 129; *Village of Belle Terre v Boraas,* 416 US 1, 9). The zoning ordinance in question is related to the public welfare because it promotes "orderly development of residential property with provision for open-space areas" *(Agins v Tiburon, supra,* at 262).

While land located immediately adjacent to the Long Island Expressway may not be the best place to secure "the blessings of quiet seclusion and clean air" *(Village of Belle Terre v Boraas, supra,* at 9), there is no persuasive evidence that the land cannot be developed in accordance with prevailing zoning so as to yield a reasonable return. We must "avoid any substitution of our judgment for that of the legislative body as

to the necessity, wisdom or expediency of the legislative act" *(Marcus Assocs. v Town of Huntington,* 45 NY2d 501, 506, citing *Town of Hempstead v Goldblatt,* 9 NY2d 101, 105). If the wisdom of a particular zoning classification is "fairly debatable", it must be allowed to stand *(see, e.g., Euclid v Ambler Co.,* 272 US 365, 388; *Spears v Berle,* 48 NY2d 254; *Salamar Bldrs. Corp. v Tuttle,* 29 NY2d 221, 226; *Blitz v Town of New Castle,* 94 AD2d 92, 101).

## IV

For the foregoing reasons, we conclude that the zoning of the plaintiff's land is not unconstitutional. Accordingly, the judgment appealed from should be modified, by deleting the provisions thereof which declared the Zoning Code of the Town of Huntington unconstitutional as applied to certain property owned by the plaintiff, and enjoined the defendant from enforcing the present zoning classification with respect to that property, and substituting therefor a provision declaring the Zoning Code of the Town of Huntington constitutional as applied to the property in question. Since the plaintiff has not prevailed in this action, it is clearly not entitled to attorneys' fees under 42 USC §§ 1983 and 1988, and this court need not consider whether the plaintiff would have been entitled to attorneys' fees if in fact it had prevailed. Therefore, as so modified, the judgment should be affirmed.

MOLLEN, P. J., SPATT and SULLIVAN, JJ., concur.

Ordered that the judgment is modified, on the law, by deleting the first and third decretal paragraphs thereof declaring the Zoning Code of the Town of Huntington to be unconstitutional as applied to certain property owned by the plaintiff and enjoining the defendant from enforcing the present zoning classification with respect to that property, and substituting therefor a provision declaring the Zoning Code of the Town of Huntington constitutional as applied to that property; as so modified, the judgment is affirmed, with costs to the defendant.