■ Mario Seggio, Respondent, v Town of West Seneca et al., Appellants.—Judgment unanimously reversed on the law without costs, petition dismissed and judgment entered, in accordance with the following memorandum: Plaintiff is the owner of property in the Town of West Seneca that is zoned for residential use. The tavern business which he presently operates on the property preexisted the adoption of the town's zoning ordinance in 1963 and is thus a legal nonconforming use. In 1985 plaintiff applied to the Town Board for rezoning of the parcel from residential to commercial. The application was denied. Plaintiff brought this declaratory judgment action seeking a declaration that the Town Board's denial of his application was unreasonable, discriminatory, confiscatory and unconstitutional. Testimony was taken before a Judicial Hearing Officer and thereafter judgment was entered annulling the Town Board's action and directing the Board to rezone the property from residential to commercial. We reverse.

A zoning ordinance is entitled to a strong presumption of validity. It is presumed to be supported by facts known to the legislative body, and the burden is on the party challenging the ordinance to prove its unconstitutionality beyond a reasonable doubt *(McMinn v Town of Oyster Bay,* 66 NY2d 544).

Plaintiff has not satisfied that burden. While the evidence demonstrates that plaintiff's property is located in a residentially zoned yet mixed use area, the record is wholly insufficient to demonstrate that maintaining the property's residential zoning is an unreasonable exercise of the police power *(cf., McMinn v Town of Oyster Bay, supra,* at 549). Nor did plaintiff demonstrate that the action of the Town Board was confiscatory. He presented no proof that the property would not yield a reasonable return if used for any permitted purpose *(see, Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492; *Megin Realty Corp. v Baron,* 46 NY2d 891; *McGowan v Cohalan,* 41 NY2d 434). Finally, plaintiff failed to demonstrate that the zoning of his property is discriminatory. There was no showing that the property was singled out in the zoning district for different zoning limitations. Proof that the zoning status of another parcel of property was altered "does not give the owners of neighboring parcels a vested right to a similar change" *(Megin Realty Corp. v Baron, supra,* at 893).

Judgment should be entered reinstating the decision of the Town Board denying plaintiff's application for rezoning and declaring that the residential zoning of plaintiff's property is not unconstitutional. (Appeal from judgment of Supreme Court, Erie County, Moule, J.H.O.—art 78.) Present—Dillon, P. J., Callahan, Green, Pine and Balio, JJ.