■ In the Matter of DGM PARTNERS-RYE, Appellant-Respondent, v BOARD OF ARCHITECTURAL REVIEW OF THE CITY OF RYE et al., Respondents. PETER JAY HERITAGE COALITION et al., Intervenors-Respondents-Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the City Council of the City of Rye dated June 18, 1986, which affirmed a determination by the Board of Architectural Review of the City of Rye to deny the petitioner a certificate of appropriateness on hardship grounds to demolish two buildings on its property, the petitioner appeals from so much of an order of the Supreme Court, Westchester County (Rosato, J.), entered July 28, 1987, as granted its petition only to the extent of ordering a hearing as to whether denial of the certificate of appropriateness would entail a substantial hardship to the petitioner, and the intervenors cross-appeal from so much of the same order as failed to dismiss the petition in its entirety.

Ordered that on the court's own motion, the notices of appeal are treated as an application for leave to appeal, the application is referred to Justice Eiber, and leave to appeal is granted by Justice Eiber (CPLR 5701 [b] [1]); and it is further,

Ordered that the order is reversed, on the law, the determination is confirmed and the petition is dismissed, without costs or disbursements.

The respondent Board of Architectural Review of the City of Rye (hereinafter the Board), after a hearing, denied the petitioner's application to demolish two buildings on a 22-acre parcel in Rye, which was the homestead of John Jay, the first Chief Justice of the United States, and which are protected by the city's landmarks preservation ordinance (City of Rye Code § 117-5 [E] [2]). The Board determined that the petitioner failed to meet its burden of establishing that denial of the application would cause substantial hardship. The Rye City Council upheld the Board's determination, and the petitioner commenced the instant proceeding.

We find that the court erred in ordering a de novo judicial hearing on the issue of substantial hardship. Judicial review of an administrative determination is limited. Such a determination must be confirmed if it is supported by the facts in the record and has a rational basis in the law (see, Matter of American Tel. & Tel. Co. v State Tax Commn., 61 NY2d 393; cf., Matter of Fuhst v Foley, 45 NY2d 441). We conclude that

the Board's determination should have been confirmed and, accordingly, we reverse.

In order to establish substantial hardship, the petitioner had to show that its "land or improvement" could not yield a "reasonable return" if permission to demolish these buildings was denied (City of Rye Code § 117-7 [A] [1]; *cf., Matter of Society for Ethical Culture v Spatt*, 51 NY2d 449). As indicated, the buildings are located on a parcel of land consisting of approximately 22 acres owned by the petitioner. Contrary to the petitioner's contention, we find that, under the circumstances presented here, it was proper for the Board to consider the issue of reasonable return with respect to the parcel as a whole *(cf., Penn Cent. Transp. Co. v New York City*, 438 US 104). The entire parcel was designated as a "protected site" under the landmarks preservation statute. Specifically included in that designation was an unobstructed public viewway of the Jay Mansion from the southern property line. Furthermore, evidence was presented at the hearing that the petitioner planned a development of single-family homes on the entire parcel.

The record supports the Board's finding that the petitioner failed to offer evidence that its property could not be sold at a reasonable rate of return without demolition of the buildings. In the absence of such evidence, the Board could reasonably conclude that the petitioner did not prove substantial hardship *(cf., Williams v Town of Oyster Bay*, 32 NY2d 78; *Matter of Forrest v Evershed*, 7 NY2d 256; *Tilles Inv. Co. v Town of Huntington*, 137 AD2d 118).

The petitioner's contention that it was denied due process based on the alleged bias of the City Council is without merit. Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.