Jones, J.
The Town, of Bedford seeks to challenge the exercise by the Village of Mount Kisco of its zoning power with respect to village lands on the town border.
On August 19,1968 the appellant.village, Mount Kisco, adopted a resolution amending its zoning ordinance and map to change an area within the village limits from “ EBB ”, one-family residence, to “ B-6 ”, multiple, six-story residence. On August 22, 1968 the respondent town, Bedford, instituted the present article 78 proceeding in Supreme Court, Westchester County, to challenge that zoning change. Special Term granted Mount Kisco’s motion to dismiss Bedford’s petition, holding that Bed-ford did. not have standing to sue and that in any event an article 78 proceeding was not the proper proceeding to test the validity of a zoning resolution. Bedford’s motion to reargue was granted, the County of Westchester was granted leave to intervene, and on reargument Special Term adhered to its original determination.
On appeal by Bedford and the county, the Appellate Division, . Second Department, in 1970 reversed on the law and remitted the proceeding for trial, holding that Bedford did have standing to sue and that, if an article 78 proceeding was improper, the present proceeding, pursuant to CPLB 103, should be deemed an action for a declaratory judgment and continue as such. (34 A D 2d 687.) We then dismissed Mount Kisco’s motion for leave to appeal to our court on the grounds that the order of the Appellate Division was not final and that neither of the municipalities was a public board or body within the contemplation of CPLB 5602 (subd. [a], par. 2) authorizing appeal by permission even though the order appealed from is nonfinal (27 N Y 2d 725).
By stipulation of the parties and with the consent of the court, the owners (Amusas) of the only property affected by the rezoning were permitted for the first time to intervene. The County of Westchester chose thereafter not to participate further, either on trial or on appeal.
After a nonjury trial, Supreme Court, Westchester County, held that Mount Kisco’s rezoning was “ arbitrary and capri *183 cions, and contrary to the dictates of its comprehensive plan and constituted impermissible spot zoning. On appeal the Appellate Division, Second Department, in 1972 affirmed in a four-to-one decision. Mr. Justice Hopkins dissented and would have reversed and dismissed the petition (40 A D 2d 979).
The case is now before us on an appeal as of right by Mount Kisco and by the Amusos, and brings up for review both the 1972 Appellate Division order affirming the judgment of Supreme Court invalidating the rezoning and, as well, the prior interlocutory 1970 order of the Appellate Division upholding Bed-ford’s standing to sue.
The property subject to the zoning change, owned by the Amusos, is a 7.68-acre parcel located at the northwest corner of the Village of Mount Kisco. It is isolated from the rest of the village by the Saw Mill River Parkway, and is the only portion of the village which lies north of the parkway. Generally described the property is otherwise bounded on all sides by the Town of Bedford except along one street which can be reached only over Bedford roads. Supreme Court described the property as “an island within the Town of Bedford ”. The property is rural in character, and topographically it blends with the adjoining Bedford properties zoned one-acre residential and consisting of one-family homes.
Bedford instituted the article 78 proceeding in reliance on the provisions of section 452 of the Westchester County Administrative Code (L. 1948, ch. 852, as amd. by L. 1961, ch. 823) which provides:
“ § 452.. Rights and duties -of neighboring municipalities in planning and zoning matters.
“ Each city, village or town in the county shall give notice of any hearing scheduled in said municipality in connection with (1) the proposed adoption or amendment of a zoning ordinance or the issuance of a proposed special permit or use permit changing the use classification of property located within five hundred feet of any abutting municipality in the county, (2) a subdivision plat relating to land within five hundred feet of any abutting municipality in the county, or (3) the proposed adoption or amendment of an official map, relating to any land within five hundred feet of any abutting municipality in the county, to such municipality. Such notice shall be given at least ten
*184 days prior to any such hearing by mail to the clerk of said abutting municipality affected. Such mailing shall be deemed sufficient service under this or any other law requiring notice of any such hearing. Such abutting municipality may appear and be heard at such hearing and may file thereat a memorandum of its position. If such abutting municipality disapproves the proposal on which the hearing is held, or recommends changes or modifications thereof, the municipal agency having jurisdiction shall not act contrary to such disapproval or recommendation except by the adoption of a resolution of the municipal agency, which action shall be subject to judicial review pursuant to the law providing for review of acts of such municipal agencies, commenced within thirty days of its adoption.”
In the first decision in Supreme Court, adhered to on reargument, Mr. Justice Doitohoe granted Mount Kisco’s motion to dismiss, and wrote:
“It is impossible to say what was meant by the quoted language [referring to the last sentence of § 452, beginning ‘ If such abutting * * * ’]. In the opinion of this court, it neither added to nor limited the law as it previously existed. It is not necessary to discuss whether this local law should be construed to amend CPLR article 78, to provide for review of legislative acts at the instance of an adjoining municipality. Section 452 is simply incapable of application. If it may be interpreted at all, it appears to mean that the existing forms of judicial review are preserved.
“ Non-property owners in a municipality have no standing to bring a proceeding under CPLR article 78 (Wood v. Freeman, 43 Misc 2d 616, affd. 24 A D 2d 104) or an action for declaratory judgment (Point Lookout Civic Assn. v. Town of Hempstead, 22 Misc 2d 757, affd. 12 A D 2d 505, affd. 9 N Y 2d 961).
“ Moreover, a legislative act may not be attacked in a proceeding under CPLR article 78.”
The Appellate Division on the first appeal in 1970 unanimously reversed Mr. Justice Donohoe on the law and denied the motion to dismiss. It wrote: “ In our opinion, section 452 of the Westchester County Administrative Code (L. 1948, ch. 852, as amd.) gives the Town of Bedford standing to seek a judicial review of the Village of Mt. Kisco’s rezoning of the *185 subject parcel abutting the Town of Bedford’s border. We also believe that this judicial review may properly be had. in an article 78 proceeding; and if we were to assume, arguendo, that an article 78 proceeding was procedurally improper, we would deem this proceeding an action for a declaratory judgment and continue it as such (CPLB. 103 subd. [c]).” (34 A B 2d 687.)
The case then went to trial. Supreme Court considered that the petitioner’s standing to sue had been established by the 1970 Appellate Division decision and went on to strike down the zoning change on the merits.
In the Appellate Division on the second appeal the majority affirmed without opinion. Mr. Justice Hopkins dissented on the ground that, while the town had technical standing to sue under section 452, its- present application must fail both because the town had shown no actual injury either to the municipality or to its residents and because, in his view, the zoning change was valid on the merits.
We first hold that by reason of the provisions of section 452 of the Westchester Administrative Code, the Town of Bedford had standing to challenge the zoning action of the Village of Mount Kiseo. There was no need to show actual injury. In other words, where, as here, there is a specific statutory grant of standing to challenge an adjacent municipality’s zoning actions, there is neither need nor requirement that the ordinance occasion pecuniary damage or other hardship; implicit in the legislative determination to confer standing is the decision that the potential for injury exists in the fact that the town actually abuts the land affected by the ordinance in question. (See, e.g. Koppel v. City of Fairway, 189 Kan. 710, 713-714; Borough of Roselle Park v. Township of Union, 113 N. J. Super. 87.)[1]
We come then to consideration of Bedford’s challenge to the zoning change on the merits. It is useful to detail the history of this zoning change.
*186 The Amuses, interveners herein, as the property owners, on May 2, 1968 made application to the Board of Trustees of the Village of Mount Busco to rezone their property from “ EBB ” to “ B-6 That application was referred to the Village Planning Board on May 6. The Planning Board held a public meeting on May 23, and on June 20 recommended that the application be denied. The Board of Trustees on proper notice then held a public hearing on July 22 with respect to the application. At that hearing, the Town Board of Bedford, based on recommendations of its own Planning Board, stated its opposition to the proposed change, the Westchester County Planning Board similarly stated its opposition, and owners of neighboring properties appeared in opposition. After considering the recommendations of its own Planning Board, all statements made at the hearing and all matters submitted, on the basis of findings made by it in support thereof, the Village Board of Trustees, by resolution adopted August 19, 1968, granted the application and made the desired zoning change.
The question before us is whether as a matter of law the courts below properly held that, because of the lack of substantial predicate in support thereof, the decision of the Village Board was arbitrary and capricious. We conclude that there was sufficient basis for the determination of the Village Board and that its resolution of August 19, 1968 cannot be set aside as a matter of law.
A heavy burden falls on one challenging the determination by the local governmental board. (Thomas v. Town of Bedford, 11 N Y 2d 428; Rodgers v. Village of Tarry town, 302 N. Y. 115.) In Shepard v. Village of Skaneateles (300 N. Y. 115) we said: “ Upon parties who attack an ordinance * * * rests the burden of showing that the regulation assailed is not justified under the police power of the state by any reasonable interpretation of the facts. ‘ If the validity of the legislative classification for zoning purposes be fairly debatable, the legislative judgment must be allowed to control.’ [Citations omitted.] ” (p. 118).
Supreme Court based its conclusion on a finding that the zoning change violated a pre-existing comprehensive plan adopted by the Village of Mount Edsco in 1958. Although there had *187 been no formal amendment of that plan since 1958, the Village Board, after considering all the opposition, found:
“ 1. That the nature of the development within the Village and in the area of the subject property has changed drastically within the past several years in the following respects:
“ (a) Bisco Avenue by reason of the urban renewal program has become wholly industrial with modern plants and facilities constructed and in the process of construction.
“ (b) The redevelopment of this area to this use and the advent of new industry to the community will result in a considerable growth of employment and population.
“(c) Kisco Avenue has been considerably improved and is more than adequate to handle both the anticipated industrial traffic as well as the existing and anticipated passenger traffic coming into the Village from the west and the north.
“ 2. The subject site enjoys excellent vehicular access.
“ 3. That with the increase in employment and population by reason of the planned increase in industrial development in the Village, there is need for providing convenience housing within the Village.
“ 4. High density residential use of the subject site which is adjacent to a considerable area of industrial development is in harmony with the concentric development concept of the comprehensive zoning plan of the Village since it reduces the volume of vehicular traffic by locating housing within walking distance of places of employment.
“ 5. The unusual topographical isolation of the subject property as Avell as its geographical confinement will result in no adverse effect on the value of other properties in the Village.
“ 6. By reason of the foregoing this Board finds that the changes which have taken place in this area since the adoption of the Master Plan render high density residential use of the subject property in conformity Avith the Master Plan of the Village.”
The trial court appeared to conclude that the Village Board had no authority to adopt a zoning change which did not conform to the comprehensive zoning plan which had been adopted 10 years preAÚously, notAvithstanding intervening changes in property use, in the absence of some formal amendment of the *188 plan. We have held that zoning changes must indeed be consonant with a total planning strategy, reflecting consideration of the needs of the community (Udell v. Haas, 21 N Y 2d 463). What is mandated is that there be comprehensiveness of planning, rather than special interest, irrational ad hocery. The obligation is support of comprehensive planning, not slavish servitude to any particular comprehensive plan. Indeed sound planning inherently calls for recognition of the dynamics of change.
We take it that the Mount Kisco Village Board could unquestionably have amended its 1958 Comprehensive Plan to reflect the substantive changes and the current position stated in its August, 1968 resolution.[2] The only, and the narrow, issue before us is whether in the absence of a formal amendment of the 10-year-old plan, the Village Board was authorized, as it clearly intended to do, to take into account what it found to be drastic intervening changes and in the light thereof to continue to follow a new comprehensive planning strategy. The infirmity in the trial court’s disposition was its insistence that the 1968 resolution be tested exclusively against the 1958 plan (“ the change in zoning is not in this court’s opinion, in conformity with the purposes set forth in the duly adopted Master Plan for the future growth of the community ”), with no recognition that the proper standard was current comprehensive planning.
None of the authorities cited to us stands for the proposition that formal amendment of a comprehensive plan must precede its adaptation to current conditions and planning considerations.
We quote from the dissenting opinion of Mr. Justice Hopkihs in the Appellate Division: “ * * * I do not find that Bed-ford established that the zoning of the Amuso parcel was arbitrary. That Mount Kisco did not follow its 1958 ‘ Comprehensive Development Plan ’ in 1968 is not fatal to its action, for, as conditions change, so must planning decisions. Nor does Mount Kisco’s failure to follow its Planning Board’s *189 recommendation for denial render the zoning vulnerable, for the Planning Board had approved the rezoning only a year before. The record indicates, on the contrary, that specific findings were made by the Board of Trustees of Mount Kisco at the time which supported its action. It is apparent from the record that the Board of Trustees considered the welfare and economic stability of Mount Kisco as its first concern and there is nothing in the record that suggests that the action taken resulted from favoritism for the owners or any other extraneous influence. Bedford understandably differed from the conclusion reached, but that difference must be regarded as the necessary result of conflicting zoning policies that are confronted at the edge of every municipality. At the least, the judgment of Mount Kisco is debatable and the court may not join in the debate by setting aside Mount Kisco’s judgment (cf. Barry v. Town of Glenville, 9 A D 2d 822, affd. 8 N Y 2d 1153; Gerzof v. Town of Huntington, 8 A D 2d 841, affd. 8 N Y 2d 788).” (40 AD 2d 981.)
The 1970 order of the Appellate Division reversing Supreme Court’s dismissal of Bedford’s petition should be affirmed, and the 1972 order of the Appellate Division should be reversed and Bedford’s petition dismissed.

. We have examined the issue alluded to by Mr. Justice Hopkins in footnote 3 to his dissent in the Appellate Division (40 A D 2d, at p. 980) and raised by the appellants before us. Westchester County .was never within the exception created by L. 1961, eh. 835, and we conclude that section 452 was unaffected by L. 1968, oh. 963.

. It appears that no further formal procedure would have been required to adopt a formal amendment to the 1958 Master Plan. Such an amendment could have been adopted by the Village Board after notice and public hearing as were given and held in the present instance. To the extent of the change made by the August 19, 1968 resolution, it could be said to be in substance, if not in form, a pro tanto amendment of the Master Plan.