OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 
 *887
 
 Plaintiff owns two contiguous parcels of real property totaling approximately 52 acres of land. The property is located at the southwest corner of the intersection of the eastbound service road of the Long Island Expressway and Walt Whitman Road in Melville, New York. The property is currently zoned R-40 residential and may be developed with single-family homes built on lots no less than one acre in size. The property is undeveloped farmland and is bounded on three sides by primarily residential districts. Immediately to the west of plaintiff’s property is more vacant land, also zoned R-40 residential. Immediately to the south, there is another vacant field. Further to the south and on the west side of Walt Whitman Road, there is a small development of houses on small lots. Still further south, a residential condominium is under development on a parcel originally zoned R-40, but which, in a prior unrelated action, was ordered rezoned by Supreme Court. To the northwest, across the Long Island Expressway, there is another R-40 district, which has been developed with a residential community. Only the areas across Walt Whitman Road to the east and northeast are commercial and industrial.
 

 Plaintiff’s contention that the continued R-40 zoning is invalid because it is not in accordance with a comprehensive plan (Town Law § 263) must be rejected. While the statutory requirement serves to protect individuals from arbitrary action on the part of local zoning authorities
 
 (Udell v Haas,
 
 21 NY2d 463, 469), it mandates "comprehensiveness of planning * * * not slavish servitude to any particular comprehensive plan”
 
 (Matter of Town of Bedford v Village of Mount Kisco,
 
 33 NY2d 178, 188). The trial evidence established that plaintiff’s property was zoned residential in accordance with the Town’s master plan, as amended in 1966. Plaintiff has not demonstrated that the Town has so deviated from its original plan that a comprehensive plan is no longer in existence. Although there have been some 70 ad hoc changes to the area of the master plan containing plaintiff’s property, the development of the areas surrounding plaintiff’s property still reflects the Town’s original and continued intention to allow the east side of Walt Whitman Road to be commercially developed while keeping the west side residential.
 

 Plaintiff further contends that the Zoning Code of the Town of Huntington is unconstitutional as applied to its property because continued R-40 zoning of the property is not
 
 *888
 
 rationally related to a valid government interest.
 
 *
 
 To succeed on this claim, plaintiff must rebut the presumption of the constitutionality of the legislative enactment beyond a reasonable doubt
 
 (Williams v Town of Oyster Bay,
 
 32 NY2d 78, 81). This presumption of constitutionality is not rebutted if the residential classification is even "fairly debatable”
 
 (Shepard v Village of Skaneateles,
 
 300 NY 115, 118). Plaintiff has not met this high burden. The fact that two other parcels in the Town of Huntington were rezoned for commercial or higher density residential development does not render the continued R-40 zoning of plaintiff’s 52-acre property arbitrary or irrational. Rather as the Appellate Division concluded, this R-40 zoning is consistent with the Town’s comprehensive plan and rationally serves the Town’s continued interest in fostering residential development.
 

 Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur; Chief Judge Wachtler taking no part.
 

 Order affirmed, with costs, in a memorandum.
 

 *
 

 Plaintiff has abandoned its alternate argument that the zoning ordinance is confiscatory as well as its claim for damages and attorneys’ fees pursuant to 42 USC §§ 1983 and 1988.