Requestor: Jonathon D. Nichols, Town Attorney Town of Claverack P.O. Box 77 Hudson, New York 12534-0077
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether the positions of chairman of a county planning board or employee of a county planning department is incompatible with the position of member of a town planning board. Second, you ask whether a person may serve simultaneously as a member of a town board and as the secretary to the zoning board of appeals.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
The town planning board has responsibility for the development of the master plan which forms the basis for development in a town (Town Law, § 272-a); if authorized by the town board, it advises other town departments and officers prior to the taking of action (id., § 274); and may be given the responsibility to approve site plans (id., § 274-a); and subdivision plans (id., § 276).
County planning boards review proposed zoning and planning actions by cities, towns and villages within the county in order to coordinate zoning and planning on a county-wide basis (General Municipal Law, §239-l). Specifically, each municipal agency having jurisdiction to adopt or amend zoning regualtions, approve site plans, issue special permits or grant variances is required prior to taking final action, to refer certain of these matters to the county planning board (id., § 239-m). The terms "special permit" and "site plan" are broadly defined to include any special permit, use permit, exception or other special authorization which a board of appeals, planning board or legislative body is authorized to issue under the provisions of any zoning ordinance (ibid.).
If the county planning board disapproves the proposal or recommmends modifications, the affected municipal agency may not act contrary to the disapproval or recommendation except by vote of a majority plus one of its members (ibid.).
In a prior opinion, based on the specific powers of a particular town planning board we found that the position of town planning board member is incompatible with membership on a county planning board (Informal Opinion No. 89-36). In that case, the town planning board possessed site plan approval power and had prepared the master plan. Thus, certain site plan proposals by the town planning board were subject to review by the county planning board. Further, in that the master plan served as the foundation for the enactment of zoning regulations, that town planning board had an interest in zoning regulations enacted by the town board. Certain proposed zoning regulations are subject to review by the county planning board.
Under these circumstances, in Informal Opinion No. 89-36 we concluded that these two positions are incompatible:
 "County planning board review takes into consideration regional planning concerns in reviewing local zoning regulations. Its members must not have local affiliations and interests that jeopardize the impartiality needed to perform this role. The review of town planning board site plan proposals by the county planning board creates a direct and substantial conflict of interests. [Further, we found that the review by the county planning board of zoning regulations of the town board also creates a conflict where the regulations are based upon a master plan developed by the town planning board.] Under these circumstances, a person who is a member of both the town planning board and the county planning board may not in certain cases be able to exercise his duties impartially. In any event, we believe that this dual officeholding creates the appearance that public duties may not be exercised solely in the public interest. In addition to the prohibition of actual bias, even the appearance of impropriety must be avoided to maintain public confidence in government".
We note, however, that the granting of site plan approval powers to a town planning board is discretionary. Further, there is no legal mandate that a town planning board prepare a master plan. There is only the general requirement that zoning actions be based on comprehensive planning reflecting consideration of the needs of the overall community (Udell v Haas, 21 N.Y.2d 463 [1968]; Town of Bedford v Village of Mt.Kisco, 33 N.Y.2d 178 [1973]). Thus, in instances where a town planning board does not exercise site plan approval and does not have responsibility for preparation of the master plan forming the basis for land use regulations, that board has no direct interest in actions by the county planning board. Under such circumstances, we would see no basis for concluding that the positions of member of the town planning board and member of the county planning board are incompatible.
Your second question is whether a person may serve simultaneously as a member of a town board and as secretary to the town zoning board of appeals. The town board is required to appoint a zoning board of appeals and may provide for compensation to be paid to its members, experts, clerks and and secretary (Town Law, § 267[1]). "No person who is a member of the town board shall be eligible for membership on such board of appeals" (ibid.). This statutory disqualification reflects the role of the zoning board of appeals to grant variances from zoning regulations, where appropriate (id., § 267[5]). A member of a town board, however, is not statutorily disqualified from serving as the secretary to the zoning board of appeals.
We have found, however, that the positions of member of a town board and employee of a town are incompatible. The town board is both the administrative and legislative arm of town government. Employees of the town are under the supervision and control of the town board. The town board is responsible for the determination of compensation paid to town employees and evaluates job performance (1984 Op Atty Gen [Inf] 84, 102).
Thus, we believe that the positions of secretary to the zoning board of appeals and member of the town board are incompatible in that one position is subordinate to the other. In his status as town board member, the individual would be responsible for establishing his own compensation as secretary to the zoning board of appeals and would have responsibility for supervising himself. While the zoning board of appeals has day-to-day supervision of the secretary, the town board appoints members of the zoning board of appeals. There would at least be an appearance that this supervision is not being exercised impartially if the person serving as secretary to the zoning board of appeals is also a member of the town board.
We conclude that where a town planning board possesses site plan approval powers and has prepared the master plan forming the basis for town zoning regulations, a member of that board should not also serve as a member of the country planning board. The positions of member of a town board and secretary to the town zoning board of appeals are incompatible.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.