■ DAVID C. OSIECKI et al., Appellants, v TOWN OF HUNTINGTON, Respondent.—In an action for a judgment declaring, *inter alia,* that the one-acre residential zoning classification of the plaintiffs' property is invalid because it does not comply with a comprehensive plan, the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Seidell, J.), dated December 20, 1988, which, after a nonjury trial, *inter alia,* declared the one-acre residential zoning classification valid.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and it is declared that the one-acre residential zoning classification of the plaintiffs' property is invalid because it does not comply with a comprehensive plan.

The plaintiffs own an approximately five and one-half acre parcel at the northwest corner of Old Country Road and Old New York Avenue in the Town of Huntington (hereinafter the Town). It is zoned for low density residential use (one-acre plots). Two other parcels to the west, on the north side of Old Country Road have been zoned for commercial office buildings and have been developed as such. The properties to the south and east of the subject property, across Old Country Road and Old New York Avenue are zoned for one-acre residential use, but are respectively in current use as a farm and for water district purposes by the Town of Huntington. To the north of the subject property is the Northern State Parkway. North of the Parkway is a Town Park also zoned one-acre residential.

The plaintiffs commenced this action for a judgment declaring the one-acre residential zoning of their property invalid as (1) inconsistent with the Town's comprehensive zoning plan, or (2) a violation of equal protection of the law in relation to the other commercially zoned property adjacent to it. After a nonjury trial, the court rejected the plaintiffs' assertions that the residential zoning of their property was invalid. We disagree.

Town Law § 263 provides that zoning ordinances must be made in accordance with a comprehensive plan. A comprehensive plan is a compilation of land use policies that may be found in any number of ordinances, resolutions, and policy

statements of the Town *(see, Curtiss-Wright Corp. v Town of E. Hampton,* 82 AD2d 551, 557). As the Court of Appeals noted in *Udell v Haas* (21 NY2d 463, 472), "[t]hese policies may be garnered from any available source, most especially the master plan of the community, if any has been adopted, the zoning law itself and the zoning map".

Town Law § 272-a gives the planning board the authority to prepare a master plan for the development of the entire area of a town. The planning board of the Town adopted such a plan in 1965 and it was amended in 1966. The master plan designated the entire block, of which the subject parcel is a part, for commercial development and a large number of zoning changes and Town actions have been consistent with the master plan *(see, Tilles v Town of Huntington,* 74 NY2d 885, *affg* 137 AD2d 118). In addition, as recently as 1986 the Town Planning Board and Planning Department recommended that the subject parcel be developed commercially. Unrefuted expert testimony indicated that the Town's action constituted comprehensive planning that the block be commercially developed. Indeed, the Town acknowledges that the numerous rezonings in the area show that it followed the master plan to a large extent.

Nevertheless, the Town maintains that it is not obliged to slavish servitude to the master plan and that it was free, in 1989, to determine that the master plan should not be followed with regard to this property *(see, Matter of Town of Bedford v Village of Mount Kisco,* 33 NY2d 178, 188; *Tilles v Town of Huntington,* 137 AD2d 118, *affd* 74 NY2d 885, *supra).* However, the Town makes no attempt to justify its "determination" that disregarding the Town's specific master plan is not inconsistent with a comprehensive zoning plan for the area rather than an entirely ad hoc decision *(cf., Town of Bedford v Village of Mount Kisco, supra).* To accept the Town's contention that it is free to determine that the master plan should no longer be followed, without articulating a reason for that determination, would invite the kind of ad hoc and arbitrary application of zoning power that the comprehensive planning requirement was designed to avoid *(see, Matter of Town of Bedford v Village of Mount Kisco, supra,* at 187, 188).

We find that the record establishes that the commercial development of the subject parcel was part of the Town's comprehensive development plan. The Town does not articulate any basis for changing that plan at the present time and we can find none. Thus, the residential zoning of the subject

parcel is void as it fails to comport with the Town's comprehensive plan *(see, Udell v Haas,* 21 NY2d 463, *supra; cf., Tilles v Town of Huntington,* 74 NY2d 885, *supra).* Brown, J. P., Balletta, Rosenblatt and Ritter, JJ., concur.