■ In the Matter of GRICEL NEVILLE et al., Respondents-Appellants, v EDWARD I. KOCH, as Mayor of the City of New York, et al., Appellants-Respondents, and SILVERSTEIN PROPERTIES, INC., et al., Intervenors-Appellants-Respondents.—Order and judgment (one paper), Supreme Court, New York County (Edward Lehner, J.), entered on or about January 3, 1991, which granted motions pursuant to CPLR 3211 (a) (1) and 3212 for dismissal of the plaintiffs-petitioners' plenary complaint, denied their CPLR article 78 application to invalidate the rezoning of the subject site from an M2-3 district to a C6-4 district, and required the lead agency succeeding to the powers of the Board of Estimate to evaluate any construction on the subject site and to require a Supplemental Environmental Impact Statement for any project that differs from four conceptual worst-case scenarios in the Final Environmental Impact Statement, other than similar projects smaller in size, unanimously modified, without costs, on the law, to strike the decretal language contained in the final paragraph, beginning with the phrase "no future construction may take place" and ending with the phrase "and if so, files a SEIS", and otherwise affirmed.

This action concerns real estate in Manhattan bordered by 11th Avenue, 42nd Street, 12th Avenue and 41st Street. In the challenged rezoning, the site has been rezoned from medium density manufacturing to high-density commercial or residential development.

Petitioners and plaintiffs are low and moderate income residents of the neighborhood immediately south of the site, and one small business owner in the same neighborhood. These community members commenced simultaneously a plenary action challenging the rezoning under General City Law § 20 (25), and an article 78 petition challenging the rezoning, raising various legal arguments.

The site, north of the Jacob Javits Convention Center, was discussed in a study of the Convention Center area submitted by the City's Department of City Planning (DCP). In a proposal for a special Convention Center area district submitted five years after the original study, commercial zoning designations for 11th Avenue that would permit either residential or commercial uses were recommended. In a 1985 study for planning and zoning of the Special Clinton District, of which

the site is a part, the DCP recommendation for rezoning of the site was acknowledged.

After extensive proceedings, including a Draft Environmental Impact Statement, public hearings, and the submission of commentary, the City issued a Notice of Completion of Final Environmental Impact Statement and an underlying Final Environmental Impact Statement ("FEIS"), identifying four conceptual programs as reasonable "worst-case" build scenarios, and six alternatives to the proposed action, including a no-build alternative and five alternative constructions. The Board of Estimate voted to adopt the resolution based on the City's approval of rezoning, which concededly was without any binding indication of the use to which the site would ultimately be put by the Silverstein defendants.

The plenary complaint was properly dismissed. Consistent with General City Law § 20 (25), the rezoning is in accord with a well-considered plan. The challenged zoning resolution itself need not be a well-considered plan, as long as it is in accord with one (Tilles Inv. Co. v Town of Huntington, 74 NY2d 885). A well-considered plan need not be contained in a single document, or even reduced to writing, as long as there is a reasonable relation, according to a traditional substantive due process analysis, between the ends sought to be achieved by the rezoning and the means used to achieve the end (Asian Ams. for Equality v Koch, 72 NY2d 121, 131-132). Here, the rezoning has been carefully studied, prepared and considered, and it meets the general requirement for a well-considered plan, satisfying the statutory requirement (supra). Further discovery on this issue is therefore unnecessary.

The article 78 application for invalidation of the zoning change was properly denied. The City fulfilled its minimum obligation to consider the issue of secondary displacement of low-income housing (see, Chinese Staff & Workers Assn. v City of New York, 68 NY2d 359, 368). The City's analysis of the secondary displacement issue is consistent with the requirements set forth in Akpan v Koch (75 NY2d 561, 571-574, mot to amend remittitur denied 76 NY2d 846). The Municipal defendants were not required to consider every possible alternative, and the FEIS did include information permitting a reasoned conclusion (see, Coalition Against Lincoln W. v City of New York, 94 AD2d 483, 492, affd 60 NY2d 805, rearg denied 61 NY2d 670).

The IAS court erred, however, in requiring the City's lead agency to take another "hard look" at the zoning once specific

plans for the site had been formulated, since the City has already taken a sufficient "hard look" at the potential environmental impact of the site's development *(see generally, Matter of People for Westpride v Board of Estimate,* 165 AD2d 555). A lead agency's consideration of the environmental impact of proposed rezoning on a conceptual basis, is one approved at law *(Matter of Kirk-Astor Dr. Neighborhood Assn. v Town Bd.,* 106 AD2d 868, *appeal dismissed* 66 NY2d 896). The court's only inquiry is whether or not the rezoning determination was irrational as a matter of law *(Akpan v Koch,* 75 NY2d, *supra,* at 572-573). Here, the ten possibilities considered by the City were designed to represent the full panoply of possible uses to which the Silverstein defendants could put the site, thus covering the full range of environmental impacts, including the most environmentally destructive uses to which the property could be put. Since a rule of reason governs *(Akpan v Koch, supra)* and since the lead agency is not required to identify every conceivable eventuality *(Matter of City of Ithaca v Tompkins County Bd. of Representatives,* 164 AD2d 726), the appropriate conclusion is that the municipal defendants have already taken all the "hard look" that they are required to take, and the IAS court should not have imposed the additional requirements at issue on this appeal. Concur—Murphy, P. J., Sullivan, Ellerin, Ross and Rubin, JJ. *[See,* 150 Misc 2d 103.]