■ In the Matter of ANTHONY MASTROIANNI et al., Petitioners, v ERNEST J. STRADA et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the Incorporated Village of Westbury, dated November 30, 1989, which, after a hearing, designated the structure on the petitioners' real property located at 275 Liberty Avenue to be a landmark.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The instant proceeding was erroneously transferred to this court pursuant to CPLR 7804 (g), since the standard of review to be applied in assessing the propriety of the respondents' determination herein is not whether there was substantial evidence in support thereof, but rather whether the determination was "arbitrary and capricious" (CPLR 7803 [3]; *see, Lutheran Church v City of New York,* 35 NY2d 121, 128). The public hearing provided for in the Village of Westbury's landmark law *(see,* Code of Village of Westbury § 50-210.21 *et seq.)* is not a quasi-judicial proceeding involving the cross-examination of witnesses and the making of a record within the meaning of CPLR 7803 (4), where substantial evidence is

the applicable test *(see, Lutheran Church v City of New York, supra,* at 128, n 2; *see also, Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.,* 77 NY2d 753). Nevertheless, this court will retain jurisdiction for the purpose of deciding the case on the merits *(see, Matter of Bravata's Carting v Town of Huntington,* 120 AD2d 521, 522).

Under the arbitrary and capricious standard of review, " 'the proper test is whether there is a rational basis for the administrative orders' " *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 231, quoting from *Matter of Colton v Berman,* 21 NY2d 322, 329). On this record, we conclude that the respondents had a rational basis to designate the structure on the petitioners' property a landmark.

The standard for designation of a landmark is, *inter alia,* that the proposed landmark "has historical, archaeological, cultural, aesthetic or architectural significance by reason of famous events thereon or occupants thereof or the antiquity or uniqueness of the historical, archaeological, cultural, aesthetic or architectural construction, arrangement or design, or by reason of its effect on the heritage and history of the Village [or] [t]hat Village property values, heritage, history, culture, aesthetics, character and quality of life generally will be preserved or enhanced by such designation" (Village of Westbury Code § 50-210.27 [a], [c]). At the public hearing, it was established that this proposed landmark structure "is one of what were only a few original buildings located in the area of present day Westbury before 1835". This house was associated with the Titus family, the founding family of the area, and with prominent realty developers of the nineteenth century, Herman Windhurst, Wilbur R. Lewis and Epenetus Lewis. Although the "architectural integrity of the structure has been seriously impaired, making it of limited architectural interest and value", the respondents found that the historical significance of the building was compelling. We find that the respondents had a rational basis for the designation of this structure as a landmark.

We have reviewed the petitioners' remaining contentions and find them to be without merit. Brown, J. P., Sullivan, Lawrence and Ritter, JJ., concur.