■ DGM PARTNERS-RYE, Appellant, v CITY OF RYE, Respondent, and PETER JAY HERITAGE COALITION, Intervenors-Respondents.—In an action, *inter alia,* for a judgment declaring the landmarks designation of the plaintiff's property unconstitutional, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Zeck, J.H.O.), dated July 6, 1989,

which, after a nonjury trial, *inter alia,* declared the landmarks designation to be constitutional.

Ordered that the judgment is affirmed, with one bill of costs payable to the respondent and the intervenors-respondents appearing separately and filing separate briefs.

In this action, the plaintiff, owner of real property formerly part of the estate of the family of John Jay, sought to have declared unconstitutional and invalid the landmark designation of a structure on the property known as the "carriage house" and an area of land referred to as the "viewway", designated to remain undeveloped in order to afford the public a view of the mansion situated on the property. These designations had been made in and pursuant to Rye City Code chapter 117. In urging reversal of the judgment which declared chapter 117 valid and constitutional, the plaintiff argues that it proved that the landmark designation of both the carriage house and the viewway constituted unconstitutional "takings" and were invalid as not meeting the statutory criteria for such designations.

Although the plaintiff asserts that the court imposed an incorrect, higher burden of proof upon it, we find that the court properly required the plaintiff to prove its claims of unconstitutionality beyond a reasonable doubt *(see, Tilles Inv. Co. v Town of Huntington,* 74 NY2d 885, 888). The plaintiff failed to meet this burden.

There can be no question that the City's designation of the viewway and the carriage house as landmarks substantially advanced the legitimate State interests of landmark preservation *(see, Seawall Assocs. v City of New York,* 74 NY2d 92, 107, *cert denied* 493 US 976). We further find that there exists a "sufficiently close nexus" between the instant landmark designations (and the consequent regulation) and the enunciated purpose of historical and architectural preservation *(see, Seawall Assocs. v City of New York, supra;* Rye City Code § 117-1).

The plaintiff's claim that the designation of the viewway as a protected site also constituted a *"per se* taking" is equally without merit and without support in the record. The designation of the viewway did not constitute an uncompensated sight easement and further does not amount to a physical invasion of the property *(see, Seawall Assocs. v City of New York, supra,* at 102-106; *see also, French Investing Co. v City of New York,* 39 NY2d 587, 593, *cert denied* 429 US 990).

The trial evidence further discloses a rational basis for the contested landmark designations *(see, Matter of Mastroianni v Strada,* 173 AD2d 827).

Finally, we note that the trial court's granting of the plaintiff's application to amend its complaint to conform to the trial proof was not an improvident exercise of its discretion (see, Loomis v Civetta Corinno Constr. Corp., 54 NY2d 18, 23; see also, CPLR 3025 [c]). Thompson, J. P., Kunzeman, Miller and Copertino, JJ., concur.