■ In the Matter of CANISIUS COLLEGE, Respondent, v CITY OF BUFFALO, Appellant. [629 NYS2d 886] —Judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: The Preservation Coalition of Erie County in conjunction with the Hamlin Park Community Taxpayers Association submitted an application seeking to have a building located at 15 Eastwood Place (Rectory) in Buffalo designated a landmark. The building formerly served as the rectory for St. Vincent DePaul Church, a designated landmark. It is presently owned by petitioner, Canisius College (College), which plans to raze the building to make way for additional student parking.

The application was referred to the Buffalo Preservation Board (Board), which, following a public hearing, issued a report and recommended that the application be denied. The Board's report and recommendation was referred to the Common Council (Council), which referred it to its Committee on Legislation (*see*, City of Buffalo Code § 337-9). That Committee held a public hearing (*see*, City of Buffalo Code § 337-10 [A]) and thereafter referred the Board's report and recommendation to the Council without recommendation (*see*, City of Buffalo Code § 337-11).

The Council voted to approve landmark designation by a nine to four vote. The Council's action was vetoed by the Mayor, who indicated his desire to defer to the judgment of the Board. The Council voted, again by a nine to four vote, to override the Mayor's veto. The College commenced this CPLR article 78 proceeding seeking to annul the designation on the grounds that it was arbitrary and capricious, lacked a rational basis, and deprived the College of the value of its property. Supreme Court summarily granted the petition and annulled the designation. The City appeals. We now reverse that judgment and dismiss the petition.

It is well-settled that "a government may reasonably restrict an owner in the use of his property for the cultural and aesthetic benefit of the community" (*Matter of Society for Ethical*

*Culture v Spatt*, 51 NY2d 449, 454). "A landmark designation is an administrative determination, ordinarily reviewable under article 78, that must be upheld if it has support in the record, a reasonable basis in law, and is not arbitrary or capricious" (*Matter of Teachers Ins. & Annuity Assn. v City of New York*, 82 NY2d 35, 41; *see also, Lutheran Church v City of New York*, 35 NY2d 121, 128, n 2; *Matter of Mastroianni v Strada*, 173 AD2d 827). "It is well established that the court may not substitute its judgment for that of the administrative body" (*Shubert Org. v Landmarks Preservation Commn.*, 166 AD2d 115, 120, *appeal dismissed* 78 NY2d 1006, *lv denied* 79 NY2d 751, *cert denied* 504 US 946; *see also, Matter of Society for Ethical Culture v Spatt*, 68 AD2d 112, 116, *affd* 51 NY2d 449, *supra*).

The Council concluded that the Rectory met six of the nine criteria for landmark designation set out in section 337-15 of the City of Buffalo Code. Upon our review of the record, we determine that that conclusion has a rational basis and is not arbitrary or capricious. In our view, the court impermissibly substituted its judgment for that of the Council.

There is no merit to the procedural arguments of the College. The recommendation of the Board, although entitled to great weight, is advisory only (*see,* City of Buffalo Code §§ 337-5, 337-8, 337-12). The referral by the Committee on Legislation of the Board's report and recommendation to the Council without recommendation was not error. The Committee took action on the recommendation and report within 30 days, as required by City of Buffalo Code § 337-11.

Finally, the designation of the Rectory as a landmark did not amount to a taking. The College failed to present evidence that the designation physically or financially prevents or seriously interferes with the carrying out of its charitable purpose (*see, Matter of Society for Ethical Culture v Spatt*, 51 NY2d, *supra*, at 454-455; *Lutheran Church v City of New York, supra*, at 131; *1025 Fifth Ave. v Marymount School*, 123 Misc 2d 756, 758). (Appeal from Judgment of Supreme Court, Erie County, Notaro, J.—CPLR art 78.) Present—Pine, J. P., Fallon, Doerr, Balio and Boehm, JJ.