■ In the Matter of L.S.O.F. CYNWYD, L.P., Petitioner, v TOWN OF NORTH HEMPSTEAD et al., Respondents. [748 NYS2d 516] —Proceeding pursuant to CPLR article 78, inter alia, to review a determination of the respondent Town Board, Town of North Hempstead, dated August 29, 2000, which, after a hearing, designated the clubhouse and surrounding 10 acres at the Roslyn Country Club a historic landmark.

Adjudged that the petition is granted, on the law, with costs, and the determination is annulled.

The instant proceeding was erroneously transferred to this Court pursuant to CPLR 7804 (g), since the standard of review to be applied in assessing the propriety of the respondents' determination herein is not whether there was substantial evidence in support thereof, but rather, whether the determination was "arbitrary and capricious" (CPLR 7803 [3]; *see Lutheran Church in Am. v City of New York,* 35 NY2d 121, 128; *Matter of Mastroianni v Strada,* 173 AD2d 827; *Matter of Shapiro v New York City Police Dept.,* 157 Misc 2d 28, 32, *affd* 201 AD2d 333). The public hearing provided here was not a quasi-judicial proceeding involving the cross-examination of witnesses and the making of a record within the meaning of CPLR 7803 (4), where substantial evidence is the applicable test (*see Lutheran Church in Am. v City of New York, supra* at 128 n 2; *Matter of Mastroianni v Strada, supra; see also Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.,* 77 NY2d 753). Nevertheless, this Court will retain jurisdiction for the purposes of deciding the case on the merits (*see Matter of Mastroianni v Strada, supra; Matter of Bravata's Carting v Town of Huntington,* 120 AD2d 521, 522).

"It is well settled that an administrative determination

concerning a landmark designation is entitled to deference and will not be disturbed 'if it has support in the record, a reasonable basis in law, and is not arbitrary or capricious' " (*Matter of Farash Corp. v City of Rochester,* 275 AD2d 957, quoting *Matter of Teachers Ins. & Annuity Assn. of Am. v City of New York,* 82 NY2d 35, 41; *see Matter of Canisius Coll. v City of Buffalo,* 217 AD2d 985, 986; *Matter of Mastroianni v Strada, supra*). However, "[a] decision of an administrative agency which neither adheres to its own prior precedent nor indicates its reason for reaching a different result on essentially the same facts is arbitrary and capricious" (*Matter of Field Delivery Serv.,* 66 NY2d 516, 516-517).

In the instant case, we agree with the petitioner that the determination of the respondent Town Board of the Town of North Hempstead (hereinafter the Town Board) in August 2000, designating the clubhouse and the surrounding 10 acres at the Roslyn Country Club a historic landmark, is arbitrary and capricious. In 1996 the Town Board denied an application for substantially similar relief based upon essentially the same facts and arguments which were presented to it in 2000. However, in 2000, the Town Board failed to indicate its reason for reaching a different result on essentially the same facts (*see Matter of Field Delivery Serv., supra*). Florio, J.P., Friedmann, Adams and Crane, JJ., concur.