■ In the Matter of SNYDER DEVELOPMENT CO., INC., Appellant, v TOWN OF AMHERST TOWN BOARD, Respondent. [769 NYS2d 672]—Appeal from a judgment of Supreme Court, Erie County (Mahoney, J.), entered September 18, 2002, which dismissed the CPLR article 78 petition.

It is hereby ordered that the case is held, the decision is reserved and the matter is remitted to respondent for further proceedings in accordance with the following memorandum: Petitioner appeals from a judgment dismissing its CPLR article 78 petition wherein it sought to annul the determination designating an entire parcel of real property owned by petitioner as an historic landmark. Petitioner, whose parcel encompasses a gate house, barn and wooded area in the Town of Amherst, contends that the determination must be annulled because the barn and wooded area have no historical significance. It is well established that "[a] landmark designation is an administrative determination . . . that must be upheld if it has support in the record, a reasonable basis in law, and is not arbitrary and capricious" (*Matter of Teachers Ins. & Annuity Assn. v City of New York,* 82 NY2d 35, 41 [1993]; *see Matter of Canisius Coll. v City of Buffalo,* 217 AD2d 985, 985-986 [1995], *lv denied* 86 NY2d 709 [1995]; *see generally Matter of Concerned Citizens of Perinton v Town of Perinton,* 261 AD2d 880 [1999], *appeal dismissed* 93 NY2d 1040 [1999], *cert denied sub nom. Nisco v Town of Perinton,* 529 US 1111 [2000]). We are unable to review the propriety of Supreme Court's conclusion that the determination herein meets those criteria where, as here, respondent failed to make the necessary findings of fact regarding the historical significance of the barn and wooded area (*see Matter of Fike v Zoning Bd. of Appeals of Town of Webster,* 2 AD3d 1343 [2003]). We therefore hold the case, reserve decision and remit the matter to respondent to set forth the factual basis for its determination. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Kehoe and Gorski, JJ.