■ In the Matter of PALOMA HOMES, INC., Appellant, v FRANK PETRONE et al., Respondents. [781 NYS2d 675]—

In a proceeding pursuant to CPLR article 78 to review a resolution of the Town Board of the Town of Huntington dated December 18, 2001, which, after a hearing, determined that the Kennedy-Radoczy House and land located at 529 Old Bridge Road, Fort Salonga was a historic landmark, the petitioner appeals from (1) a decision of the Supreme Court, Suffolk County (Werner, J.), dated December 9, 2002, and (2) a judgment of the same court entered March 4, 2003, upon the decision, which denied the petition, confirmed the determination, and dismissed the proceeding.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is reversed, on the law, the petition is granted, and the determination is annulled; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The petitioner seeks to annul a determination by the Town Board of the Town of Huntington (hereinafter the Board) which determined that its entire parcel of real property was a historic landmark. The only structure on the mostly wooded parcel is the "Kennedy-Radoczy House" built circa 1915 in the "Italian Villa Style." The petitioner contends, inter alia, that the Board failed to make the necessary findings of fact regarding the property's significance in order to classify it as a historic landmark.

It is well settled that "[a] landmark designation is an administrative determination . . . that must be upheld if it has support in the record, a reasonable basis in law, and is not arbitrary or capricious" (*Matter of Teachers Ins. & Annuity Assn. of Am. v City of New York*, 82 NY2d 35, 41 [1993]; *see Matter of L.S.O.F. CYNWYD v Town of N. Hempstead*, 298 AD2d 520 [2002]; *Matter of Canisius Coll. v City of Buffalo*, 217 AD2d 985 [1995]). However, " '[f]indings of fact which show the actual grounds of a decision are necessary for an intelligent judicial review of a quasi-judicial or administrative determination' " (*Matter of Perrella v Suffolk County Classification & Salary Appeals Bd.*, 117 AD2d 603, 604 [1986], quoting *Matter of Gilbert v Stevens*, 284 App Div 1016 [1954]).

In this case the Board did not set forth any specific findings of fact to support its determination (*see Matter of Snyder Dev.*

*Co. v Town of Amherst Town Bd.*, 2 AD3d 1383 [2003]; *Matter of Foxluger v Gossin*, 65 AD2d 922 [1978]). Therefore, it cannot be concluded that the Board satisfied the Town Code requirement, in effect at the time the resolution was adopted, to "consider" certain factors "[i]n determining whether or not to designate a new historic landmark" (Huntington Town Code former § 198-40.3 [E]). For example, there is nothing in the Board's resolution to indicate that it considered and/or made findings of fact regarding the "general condition of the proposed historic landmark," "[t]he relationship of the proposed historic landmark . . . and the immediate surrounding area," or "[t]he extent of the hardship such designation would create for the property owner (s)" (Huntington Town Code former § 198-40.3 [B] [2] [c], [d], [e]). Furthermore, the record as a whole does not address these considerations or otherwise provide a basis for concluding that there was a rational basis for the Board's determination (*cf. Matter of Fischer v Markowitz*, 166 AD2d 444 [1990]).

Accordingly, the Board's determination that the subject property was a historic landmark was arbitrary and capricious and should have been annulled by the Supreme Court on that basis (*see Matter of Sasso v Osgood*, 86 NY2d 374 [1995]; *Matter of Pell v Board of Educ.*, 34 NY2d 222 [1974]; *Matter of Samsonian v Board of Appeals of Inc. Vil. of Upper Brookville*, 261 AD2d 624 [1999]). Santucci, J.P., Schmidt, Rivera and Lifson, JJ., concur.