In the Matter of SNYDER DEVELOPMENT CO., INC., Appellant, v TOWN OF AMHERST TOWN BOARD, Respondent. [785 NYS2d 215]—

Appeal from a judgment of the Supreme Court, Erie County (David J. Mahoney, J.), entered September 18, 2002 in a proceeding pursuant to CPLR article 78. The appeal was held by this Court by order entered December 31, 2003, the decision was reserved and the matter was remitted to Supreme Court, Erie County, for further proceedings (2 AD3d 1383 [2003]). The proceedings were held and completed.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: We previously held this case, reserved decision and remitted the matter to respondent to set forth the factual basis for its determination designating an entire parcel of real property owned by petitioner as an historic landmark (*Matter of Snyder Dev. Co. v Town of Amherst Town Bd.*, 2 AD3d 1383 [2003]). Upon remittal, respondent set forth the requisite findings of fact concerning, inter alia, the historic nature of the barn and the wooded area on which it is located.

We reject petitioner's contention that the determination with

respect to the barn and wooded area is arbitrary and capricious and not supported by the record. The record establishes that a detailed presentation was given at the public hearing regarding the historical significance of the entire parcel. According to the findings of fact, an expert report commissioned by the Town of Amherst found that the property "represents the best collection of historic resources associated with an early 20th century suburban estate in Amherst"; the gatehouse and barn "are examples of Tudor revival architecture which was a dominant style of architecture for suburban home construction throughout the early 20th century"; and the "flat stucco walls" of the gatehouse and barn are "characteristic of the period." Moreover, respondent's findings of fact that the "buildings and the wooded lot upon which they are located retain an established character of historic significance which is generally recognized by the community and they have a unique physical character" are supported by the record. We conclude that respondent's determination is not arbitrary and capricious and is supported by the record (*see Matter of Teachers Ins. & Annuity Assn. of Am. v City of New York*, 82 NY2d 35, 41 [1993]; *Matter of Canisius Coll. v City of Buffalo*, 217 AD2d 985, 985-986 [1995], *lv denied* 86 NY2d 709 [1995]).

We reject petitioner's contention that respondent did not have the authority to modify the proposal of the Historic Preservation Commission (HPC). While the Town of Amherst Historic Preservation Law is silent on the issue whether respondent has the authority to modify a recommendation from the HPC, General Municipal Law § 96-a provides in relevant part that the power to designate historic sites resides with the governing board of a town, i.e., respondent herein.

We further conclude that respondent's designation of the barn as an historic landmark does not violate Town Law § 64 (17-a) and General Municipal Law § 96-a. The record establishes that the barn is part of the parcel at issue, and thus the parts of those statutes on which petitioner relies, which concern neighboring property, do not apply (*see generally FGL & L Prop. Corp. v City of Rye*, 66 NY2d 111, 119 [1985]). Finally, we agree with respondent that its notice of the October 10, 2001 public hearing did not deprive petitioner of due process. Petitioner concedes that it in fact attended the public hearing in question, and petitioner therefore will not be heard to complain about the alleged inadequacy of the notice (*see Matter of Zartman v Reisem*, 59 AD2d 237, 241-242 [1977]). Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Kehoe and Gorski, JJ.

■ LeChase Data/Telecom Services, LLC, on its Own Behalf and on Behalf of All Others Similarly Situated,