Matter of Mule v Town of Boston (2018 NY Slip Op 01719)





Matter of Mule v Town of Boston


2018 NY Slip Op 01719


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


114 TP 17-01438

[*1]IN THE MATTER OF JENNIFER MULE AND GARY BALLOWE, PETITIONERS,
v
TOWN OF BOSTON, RESPONDENT. 






THE TARANTINO LAW FIRM, LLP, BUFFALO (JACOB A. PIORKOWSKI OF COUNSEL), FOR PETITIONERS. 
BARTH SULLIVAN BEHR, BUFFALO (DAVID H. WALSH OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Joseph R. Glownia, J.], entered August 7, 2017) to review a determination of respondent. The determination, inter alia, assessed a fine of $35,146.92 against petitioners. 
It is hereby ORDERED that the determination so appealed from is unanimously modified on the law and the petition is granted in part by striking paragraphs six and seven of the determination, and as modified the determination is confirmed without costs.
Memorandum: In 2012 petitioners purchased residential property in respondent, Town of Boston (Town), at a tax foreclosure sale. After petitioners performed work on the structure, the Town Code Enforcement Officer advised petitioners and the Town that the property was in violation of the Code of the Town of Boston (Town Code) inasmuch as no required building permit had been obtained for such work. Pursuant to Town Code § 57-2 (A), a building permit is required prior to commencing "the erection, construction, enlargement, alteration, improvement, removal or demolition of any building or structure." No such permit is required, however, for "[t]he performance of necessary repairs which are not of a structural nature" or "[a]lterations to existing buildings, provided that the alterations . . . [d]o not materially affect structural features" (§ 57-2 [A] [1], [2] [a]). In addition, the Town Code provides that "[n]o building . . . upon which work has been performed which required the issuance of a building permit shall be occupied or used unless a certificate of occupancy has been issued" (§ 57-3 [A]). Finally, as relevant to the work on petitioners' property, the Town Code further provides that "[a]ny building constructed without a building permit . . . is hereby declared to be an unsafe building" (§ 47-2).
The Town Board conducted a hearing and thereafter issued a determination that, inter alia, petitioners performed alterations to their property for which a permit was required and, as a result, the property was unsafe pursuant to Town Code § 47-2. The Town Board further determined that the Town "may, in its discretion, assess fees against [petitioners] in the amount of $250.00, representing each daily violation by [petitioners] of Chapter 57 of the Town of Boston Code and the costs incurred by the Town . . . in investigating this matter." In addition, the Town Board determined that it was authorized, pursuant to section 47-10 of the Town Code, to "assess all costs and expenses incurred by the Town" in the proceeding, and the Town Board assessed a fine of $35,146.92, the amount of attorney's fees and costs allegedly incurred by the Town, together with a fine in the amount of $250 for each day that the violation of the building permit and certificate of occupancy requirements continued from the date of the determination. The Town thereafter fixed a notice of condemnation to the property.
Petitioners commenced this CPLR article 78 proceeding challenging the determination, and the matter was transferred to this Court pursuant to CPLR 7804 (g). At the outset, we reject [*2]the Town's contention that petitioners failed to exhaust their administrative remedies, inasmuch as there were no administrative remedies available to petitioners under the Town Code (see Matter of DeRosa v Dyster, 90 AD3d 1470, 1471 [4th Dept 2011]; Matter of Custom Topsoil Inc. v City of Buffalo, 12 AD3d 1168, 1170 [4th Dept 2004).
Contrary to petitioners' contention, the hearing conducted by the Town Board was authorized by the Town Code (see § 47-7) and, in any event, petitioners waived any objection to the hearing by expressly agreeing to it and participating in it (see Matter of Snyder Dev. Co., Inc. v Town of Amherst Town Bd., 12 AD3d 1092, 1093 [4th Dept 2004]). We reject petitioners' challenges to the determination insofar as it found that they violated the requirements of the Town Code with respect to building permits. The testimony of the Code Enforcement Officer and the memorandum of the professional engineer who inspected the property support the Town Board's findings that the alterations were structural in nature, thereby triggering the building permit requirement, and that petitioners misrepresented to Town officials the nature and scope of the alterations. It is also undisputed that petitioners did not apply for or obtain a building permit, and thus the Town Board was entitled to declare the structure unsafe under the Town Code. We conclude, therefore, that the findings set forth in the first five paragraphs of the Town's determination are not arbitrary and capricious and are supported by the record (see generally id. at 1092-1093).
We reach a different conclusion, however, with respect to the fines and fees assessed by the Town. The Town Board lacked jurisdiction in the first instance to impose such fines and fees, which is properly a judicial function (see generally Matter of Stoffer v Department of Pub. Safety of the Town of Huntington, 77 AD3d 305, 316-317 [2d Dept 2010]). Furthermore, section 47-10 of the Town Code, on which the Town relies, permits the Town Board to "assess all the costs and expenses incurred by the Town in connection with the proceedings to remove or secure a dangerous or unsafe building or structure . . . against the land on which said building or structure is located." Even assuming, arguendo, that the Town Board incurred any costs and expenses contemplated by that section, we conclude that it has not substantiated such costs or expenses, nor did it assess them against petitioners' property. Rather, it imposed retroactive and prospective fines and fees against petitioners based upon their "willful disregard" of the Town Code. Inasmuch as the Town Board lacked authority to assess such fines and fees, we modify the determination and grant the petition in part by striking paragraphs six and seven, thereby vacating the fines and fees imposed therein. We have considered petitioners' remaining contentions and conclude that none requires further modification of the determination.
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court